IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

Katrina Anne Gravely, et al,           )
                                       )
            Plaintiff(s),               )     Case No. 7:18CV394
                                       )     State Court No. CL18000269-00
v.                                      )
                                       )          **ORDER**
Jane Doe #1, et al,                     )
                                       )
            Defendant(s).               )

    This case was recently removed from the Circuit Court for Botetourt County to the United States District Court for the Western District of Virginia at Roanoke. This court finding it necessary and proper to do so, it is hereby REQUESTED that the original case file in your Court be forwarded to the Clerk of this court at 210 Franklin Road SW, Suite 540, Roanoke, VA 24011.

    The Clerk is directed to send a copy of this Order to the Clerk of the Circuit Court for Botetourt County.

ENTERED: 8/15/2018

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon, United States District Judge

**ECF**
**DOCUMENT**
I hereby attest and certify that this is a printed copy of a document that was electronically filed with the United States District Court for the Western District of Virginia.
Date Filed
By:
    Deputy Clerk
        Julia C. Dudley, Clerk of Court

VIRGINIA:

## IN THE CIRCUIT COURT FOR BOTETOURT COUNTY

**KATRINA ANNE GRAVELY and LUTHER DEAN GRAVELY**,

Plaintiffs

v.                                                    CASE NO. CL-18-269 -00

**JANE DOE #1; JOHN DOE #1; JANE DOE #2;**

**JOHN DOE #2; FLOYD COUNTY DEPARTMENT**

**OF SOCIAL SERVICES; TRACY BREWSTER;**

**DAVID HOPE; FIRST HOME CARE; DEPAUL FAMILY**

**SERVICES;** and **COURT APPOINTED SPECIAL**

**ADVOCATES OF THE NEW RIVER VALLEY**

**(CASA OF THE NRV);**

Defendants.

### PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL:

**COME NOW** the Plaintiffs, by counsel, and state as follows in support of their

Complaint against the Defendants:

1.     Katrina Anne Gravely is a resident of the Commonwealth of Virginia and the wife

of Plaintiff Luther Dean Gravely, and the mother of a minor child, Jaxon Thayer Gravely, born

October 16, 2014.

2.     Luther Dean Gravely (hereinafter, "Dean") is a resident of the Commonwealth of

Virginia and the husband of Plaintiff Katrina Gravely, and the father of a minor child, Jaxon Thayer

Gravely, born October 16, 2014 (hereinafter, "Jaxon").

3.     Defendants Jane Doe # 2 and John Doe # 2, upon information and belief are:

residents of the Commonwealth of Virginia, are residents of this jurisdictional district, are husband

and wife, and are currently in physical care of the Plaintiffs' son, Jaxon Gravely. Consequently,

as the Plaintiffs' minor child is, upon information and belief, currently located within this

jurisdictional district, has been treated medically in this jurisdictional district, and the majority of his contacts and interested persons in his life who are likely to have information relevant to most particulars of the causes of action averred herein, are within this jurisdictional district; Plaintiffs assert that this jurisdictional district is the most correct, appropriate and convenient forum within which to file and litigate this cause. Plaintiffs anticipate that the true identities of Defendants Jane Doe #2 and John Doe #2 will be revealed through the discovery process of this matter, at which time Plaintiffs will move to amend their Complaint herein to name Defendants Jane Doe #2 and John Doe #2 in their true and correct names.

4. Defendants Jane Doe #1 and John Doe #1, upon information and belief are: residents of the Commonwealth of Virginia, are perhaps residents of this jurisdictional district, are husband and wife, and at some points in the past two years have been in physical care of your Plaintiffs' son, Jaxon Gravely. Plaintiffs anticipate that the true identities of Defendants Jane Doe #1 and John Doe #1 will be revealed through the discovery process of this matter, at which time Plaintiffs will move to amend their Complaint herein to name Defendants Jane Doe #1 and John Doe #1 in their true and correct names.

5. Defendant Floyd County Department of Social Services is a state agency, employing Defendants Tracy Brewster and David Hope, and perhaps other currently unnamed co-conspirators in this cause, upon discovery of the identities thereof whom will be added as named Defendants herein; and is liable upon the theory of *respondeat superior* for the actions of its said employees.

6. Defendant Tracy Brewster is a resident of the Commonwealth of Virginia; is the Director of the Floyd County Department of Social Services (FCDSS), and at all times pertinent hereto, was acting under the color of state law.

7.     Defendant David Hope is a resident of the Commonwealth of Virginia, and a Social Services Case Worker / Supervisor for the FCDSS, and at all times pertinent hereto, was acting under the color of state law.

8.     Defendant First Home Care is a Corporation or other duly organized business entity doing business under said name, in the Commonwealth of Virginia, regularly doing business in this jurisdictional district, and at all times pertinent hereto was acting under the color of state law.

9.     Defendant DePaul Family Services is a Corporation or other duly organized business entity / human services organization doing business under said name, in the Commonwealth of Virginia, regularly doing business in this jurisdictional district, and at all times pertinent hereto was acting under the color of state law.

10.    Defendant Court Appointed Special Advocates of the New River Valley (CASA of the NRV) has pursuant to the acts and omissions germane herein conducted its business within this jurisdictional district, and at all times pertinent hereto was acting under the color of state law.

.                                              **Facts**

11.    In the Spring of 2016, Plaintiffs were contacted by representatives of the Defendant Floyd County Department of Social Services ("FCDSS"), including, but not limited to Defendants Tracy Brewster and David Hope, in connection with alleged complaints about Plaintiff Katrina Gravely's treatment and/or care of Plaintiffs' minor son, Jaxon Gravely.

12.    Defendant FCDSS, through its representatives including, but not necessarily limited to Defendants Brewster and/or Hope (all 3 collectively hereinafter referred to as the FCDSS Defendants), threatened Plaintiffs with court removal of Plaintiffs' minor son, Jaxon Gravely, unless they agreed to terms and conditions of written and oral agreements, the terms of which were entirely dictated by the FCDSS Defendants.

13.    The FCDSS Defendants falsely represented that if Plaintiffs complied with the terms and conditions of the agreement they proposed, it would eliminate the need for court removal of Plaintiffs' son, Jaxon, from Plaintiffs' care.

14.    During their communication with Plaintiffs, the FCDSS Defendants made the express and implied promise that FCDSS and all of its employees and foster parents would comply with all state and federal laws, published and existing policies, procedures, guidelines, and regulations, throughout the entirely of their dealings with Plaintiffs and their son.

15.    Within a few weeks after said agreements concerning the terms and conditions of parenting time with Plaintiffs and their son had been reached, FCDSS Defendants sought to and removed Jaxon from Plaintiffs' care, despite all their previous promises and assurances, based on entirely false and unsubstantiated allegations that Plaintiff Katrina Gravely had violated the terms of the agreement by having contact with Jaxon at a time or place not permitted under the agreement, and during said alleged illicit contact "cut" Jaxon's hair without permission.

16.    The alleged act of cutting Jaxon's hair, even if contrary to the temporary agreement terms, does not, and did not, constitute an act of alleged "abuse or neglect" sufficient to justify an emergency removal of a child from his parents' care under Virginia law.  Furthermore, the FCDSS Defendants knew, or reasonably should have known, that the allegations of Defendant Katrina Gravely illicitly cutting Jaxon's hair were false.  FCDSS Defendants did nothing to investigate the said allegations on a good-faith basis, such that if in fact they did not positively have knowledge that said allegations were entirely false such lack of knowledge was the result of an intentional and deliberate willful blindness to the falsity of such allegations.

17.    The FCDSS Defendants knew that the alleged act of cutting hair did not constitute abuse or neglect under Virginia law, but nevertheless conspired to, and set off on a course of action intended to,

and which did, and has continued until the date of this filing, to deprive the Plaintiffs all of their legal, custodial, parental, Constitutional and common law rights to association with, the rearing and instruction of, and the companionship of their son, Jaxon.

18.     Nevertheless, despite the Defendants' conspiracy to and engaging in actions that wrongfully deprived the Plaintiffs of all their legal and familial rights to their son Jaxon enumerated herein above, during their communications to the Plaintiffs contemporaneous with and surrounding the emergency removal of Jaxon on false premises which even if true would not justify such action under the law, the FCDSS Defendants specifically represented to Plaintiffs that they would assume a duty to ensure that Plaintiffs' son Jaxon would be safe, secure, and appropriately cared for at all times while he was in the custody of the FCDSS and its employees and foster parents. Plaintiffs reasonably relied upon the representations and promises of the FCDSS Defendants in forbearing to seek further legal remedy at that time based on the intentional and deliberate malfeasance and misconduct of the FCDSS Defendants as more particularly set forth herein above and below.

19.     After the FCDSS Defendants assumed responsibility for Jaxon's health, safety, and welfare, the FCDSS Defendants placed Plaintiffs into the home of Jane Doe # 1 and John Doe #1, which placement, upon information and belief, was made with the collaboration of Defendant DePaul Family Services (hereinafter DePaul).

20.     Upon information and belief, prior to Jaxon's placement in the Doe #1 home, the FCDSS Defendants and Defendant DePaul failed to:

        a. Obtain criminal history record information for one or more of the Doe #1s and other family and household members present in the Doe #1 home in violation of Va. Code § 63.2-901.1;

        b. Search the child abuse and neglect central registry for either of the Doe #1s and other family and household members present in the Doe #1 home in violation of Va. Code § 63.2-901.1;

        c. Conduct a careful study to determine the suitability of the Doe #1 home for Jaxon, all in violation of Va. Code § 63.2-904(A);

> d. Cause the Doe #1 home to be visited as often necessary to protect Jaxon's best interests, all in violation of Va. Code § 63.2-904(A); and/or
> e. Maintain the supervision over the Doe #1 home required by Va. Code § 63.2-904(B) and the standards and policies established by the Board.

21.     Upon information and belief, there were a number of complaints to the FCDSS Defendants about Jaxon's treatment while in the Doe #1 home and care. Upon further information and belief, the FCDSS Defendants took no action whatsoever to investigate these complaints, as is incumbent upon them to do so pursuant to Virginia law.

22.     As set forth herein, the FCDSS Defendants were on actual and constructive notice that Jaxon was very possibly being exposed to real neglect, and potential mistreatment in the Doe #1 home, yet they failed to take any action whatsoever to actually thoroughly investigate said complaints, all in violation of Va. Code § 63.2-904(C).

23.     Further, the FCDSS Defendants failed to properly supervise Jaxon placed into the Doe # 1 home before, during, and after Jaxon's placement there, all in violation of Virginia Code § 63.2-901.

24.     Notwithstanding, and upon information and belief, based on the said complaints of Jaxon's care in the Doe #1 home, despite not doing a thorough investigation into the Doe #1 home as required by Va. Code § 63.2-904(C), the FCDSS Defendants nevertheless caused Jaxon to be removed from the Doe # 1 home.

25.     Thereupon, the FCDSS Defendants and Defendant DePaul, upon information and belief, placed Jaxon in the care of Wendell and Brenda Alderman, on or about May 18 of 2016.

26.     Upon information and belief, prior to Jaxon's placement in the Alderman home, the FCDSS Defendants and Defendant DePaul failed to:

> a. Obtain criminal history record information for one or more of the Aldermans and other family and household members present in the Alderman home in violation of Va. Code § 63.2-901.1;

     b.  Search the child abuse and neglect central registry for either of the Aldermans and other family and household members present in the Alderman home in violation of Va. Code § 63.2-901.1;

     c.  Conduct a careful study to determine the suitability of the Alderman home for Jaxon, all in violation of Va. Code § 63.2-904(A);

     d.  Cause the Alderman home to be visited as often necessary to protect Jaxon's best interests, all in violation of Va. Code § 63.2-904(A); and/or

     e.  Maintain the supervision over the Alderman home required by Va. Code § 63.2-904(B) and the standards and policies established by the Board.

27.    Notwithstanding the FCDSS Defendants and/or DePaul's failure to abide by the law as more particularly set forth herein above, they had actual or constructive notice that the Alderman home was not an appropriate placement for Jaxon; because pursuant to the agreement dictated by the FCDSS Defendants prior to Jaxon's emergency removal, the Aldermans had been a day-time care giver for Jaxon, and that arrangement was terminated by the FCDSS Defendants, upon information and belief, due to concerns about Jaxon's care and/or treatment while in the Alderman home during said periods of day-time care.

28.    Upon information and belief, there were a number of complaints to the FCDSS Defendants about Jaxon's treatment while in the Alderman's home and care. Upon further information and belief, the FCDSS Defendants took no action whatsoever to investigate these complaints, as is incumbent upon them to do so pursuant to Virginia law.

29.    As set forth herein, the FCDSS Defendants were on actual and constructive notice that Jaxon was very possibly being exposed to real neglect, and potential mistreatment in the Alderman home, yet they failed to take any action whatsoever to actually thoroughly investigate said complaints, all in violation of Va. Code § 63.2-904(C).

30.    Further, the FCDSS Defendants failed to properly supervise Jaxon placed into the Alderman home before, during, and after Jaxon's placement there, all in violation of Virginia Code § 63.2-901.

31.     Notwithstanding, and upon information and belief, based on the said complaints of Jaxon's care in the Alderman home, despite not doing a thorough investigation into the Alderman home as required by Va. Code § 63.2-904(C), the FCDSS Defendants nevertheless caused Jaxon to be removed from the Alderman home.

32.     Thereupon, the FCDSS Defendants and Defendant DePaul, upon information and belief, placed Jaxon in the care of Jane Doe # 2 and John Doe # 2, which placement, upon information and belief, was made with the collaboration of Defendant Home First Care (hereinafter Home First).

33.     Upon information and belief, prior to Jaxon's placement in the Doe #2 home, the FCDSS Defendants and Defendant Home First failed to:

   a. Obtain criminal history record information for one or more of the Doe #2s and other family and household members present in the Doe #2 home in violation of Va. Code § 63.2-901.1;
   b. Search the child abuse and neglect central registry for either of the Doe #2s and other family and household members present in the Doe #2 home in violation of Va. Code § 63.2-901.1;
   c. Conduct a careful study to determine the suitability of the Doe #2 home for Jaxon, all in violation of Va. Code § 63.2-904(A);
   d. Cause the Doe #2 home to be visited as often necessary to protect Jaxon's best interests, all in violation of Va. Code § 63.2-904(A); and/or
   e. Maintain the supervision over the Doe #2 home required by Va. Code § 63.2-904(B) and the standards and policies established by the Board.

34.     Upon information and belief, there were a number of complaints and/or concerns expressed to the FCDSS Defendants about Jaxon's treatment while in the Doe #2 home and care. Upon further information and belief, the FCDSS Defendants took no action whatsoever to investigate these complaints, as is incumbent upon them to do so pursuant to Virginia law.

35.     As set forth herein, the FCDSS Defendants were on actual and constructive notice that Jaxon was very possibly being exposed to real neglect, and potential mistreatment in the Doe #2 home, yet they failed to take any action whatsoever to actually thoroughly investigate said complaints, all in violation of Va. Code § 63.2-904(C).

36.     Further, the FCDSS Defendants failed to properly supervise Jaxon placed into the Doe # 2 home before, during, and after Jaxon's placement there, all in violation of Virginia Code § 63.2-901.

37.     At some point during Jaxon's placement with any one or more of the foregoing temporary custodial Defendants, Jaxon was subject to the following acts of neglect or abuse:

   a. Jaxon was bitten by a dog causing severe and nearly fatal injuries to him requiring hospitalization, and which injuries were initially concealed and intentionally hidden from Plaintiffs. Following a five-day hospitalization as a result of said injuries Jaxon was returned to the same home without the necessary reports required by law being filed, and without any remedial or investigatory action taken by the FCDSS Defendants. When the dog bite incident was finally disclosed to Plaintiffs by Defendant David Hope, he minimized and downplayed the incident and injuries in such a way as to intentionally mislead the Plaintiffs regarding the true nature thereof;

   b. Jaxon was alleged to have a "seizure disorder" that upon information and belief was never properly diagnosed, treated, or otherwise cared for;

   c. Jaxon was subject to the presence of illegal and illicit narcotics in one or more of the said homes, and reports to the FCDSS Defendant authorities in this regard went ignored;

   d. Jaxon regressed developmentally, including his development of aggressive behavior and loss of vocabulary while in the said home(s) when compared to his behavior and vocabulary in your Plaintiffs' home. Jaxon's language regression was so severe and pervasive that it required remedial speech therapy

per the recommendation of the FCDSS Defendants, and the FCDSS Defendants nevertheless failed and refused to provide such therapy;

e.  Jaxon was denied required prescription medications duly prescribed by his treating Physicians, including, but not necessarily limited to prescribed medication(s) for a sinus infection;

f.   Jaxon was subject to copious amounts of cigarette smoke;

g.  Jaxon was injured in the face and nose causing bleeding, which may have further led to acute sinusitis;

h.  Jaxon was injured on a separate occasion in the face and head, despite the allegations of FCDSS that Jaxon's conditions otherwise required him to be wearing "a helmet" at all times when he suffered said injuries;

i.   Jaxon developed post-traumatic stress disorder upon being separated from your Plaintiffs, and FCDSS Defendants persisted, without justification to deny Jaxon any further visits with your Plaintiffs;

j.   Jaxon developed an upper respiratory infection due to exposure to a highly contagious form thereof from a person in one of the temporary custodial homes that had not been disclosed due to insufficient investigations and reports being completed for said home as required by law;

## THE FCDSS DEFENDANTS CONSPIRE TO HIDE THEIR MISCONDUCT

38.    Both prior to and after the time that Plaintiffs became aware of the failings of the FCDSS Defendants, and of Defendants DePaul, Home First, and Defendants Jane and John Does #s 1 and 2, the FCDSS Defendants acted at all times in a coordinated joint effort to hide their illegal actions.

39.     The FCDSS Defendants also acted to hide their own violations of duties they assumed by operation of law, by force of policy, procedure, and applicable regulations, and by agreement.

40.     Among other things, actions taken by the FCDSS Defendants to cover up their own wrongful acts and those of the other temporary custodial Defendants included:

      a.   Attempting to coerce and intimidate various parties as more particularly set forth herein below;

      b.   Attempting to alienate and isolate Plaintiffs both from their friends, family members, from the community at large, and most of all to alienate Plaintiffs from their own son, by engaging in very specific actions set forth more particularly herein below; and

      c.   Intentionally defaming Plaintiffs' character to their friends, family members and the community at large, so as to discredit your Plaintiffs as a source of truthful information regarding all of Defendants' wrongful and illegal acts.

41.     It is believed that Jaxon may have been transferred to one or more of the above specified temporary custodial Defendant in violation of acceptable standards and regulations in an attempt to provide an additional source of income, from state and/or municipal funds, to any or all of said temporary custodial Defendants.

42.     Further, it is believed that Jaxon's transfer to one or more of said temporary custodial Defendants was indicative of a pattern and practice of the FCDSS Defendants of violating childrens' and their parents' constitutional rights by, among other things, placing them in homes that were grossly inappropriate and unfit, or into which fitness sufficient investigation was knowingly and intentionally never made.

## THE FCDSS DEFENDANTS REFUSE TO INVESTIGATE

43.     At each instance of the Plaintiffs becoming aware of Jaxon being exposed to lack of care or inappropriate treatment, and, upon information and belief, at each instance of third parties becoming aware, concerns of the same were immediately reported to the FCDSS Defendants.

44.     Upon hearing reports that Jaxon was potentially being subject to such neglect or lack of appropriate care, the FCDSS Defendants immediately denied any such possibility without undertaking any independent investigation or contacting law enforcement or other authorities or providers.

45.     Instead, the FCDSS Defendants told Plaintiffs persisted in a course of conduct that constituted rampant and blatant defamation of your Plaintiffs to case them in a false light, so as to diffuse any credibility your Plaintiffs might otherwise have in bringing to light the improper and illegal actions of the FCDSS Defendant.  In so doing the Defendants published to multiple third parties all manner of knowingly false stories and unpleasant accusations, some of the specifics of which are more particularly averred herein below.

46.     Upon information and belief, the FCDSS Defendants never conducted any formal investigation into said complaints, in violation of, at a minimum, Va. Code § 63.2-904(C).

47.     Even after being informed the FCDSS Defendants' unlawful actions and the concerns for Jaxon's care / lack of appropriate supervision / protection / medical care in the various temporary custodial Defendants' homes, Defendants continued to persist in their conspiracy, both to deprive Plaintiffs of their Constitutional and parental/custodial rights, and to defame your Plaintiffs.

48.     Further, while Jaxon has remained under the custody and care of the FCDSS

Defendants, they have continued in their efforts to impugn, malign, alienate, isolate, and

financially ruin Plaintiffs, by, among other things, persisting in their ongoing conspiracy to defame

Plaintiffs and to deprive them of their Constitutional and parental/custodial rights, and further in

refusing to provide Plaintiffs services designed to reunite Jaxon with his parents, as required by

law, as required by the FCDSS Defendants' own service plans filed in Court, and as required by

Court Orders.

## COUNT ONE
### Gross Negligence
*By Plaintiffs Dean and Katrina Gravely against Defendants FCDSS, Tracy Brewster, David
Hope, DePaul Family Services, and Home First Care*

49.     Plaintiffs incorporate herein by reference all of the preceding paragraphs of this

Complaint and repeat, reallege, and replead all the allegations contained therein as though the same

were fully and specifically set forth herein.

50.     The FCDSS Defendants owed numerous duties to Plaintiffs as set forth by statute,

policy, procedure, and applicable regulations.

51.     The FCDSS Defendants also assumed specific duties to Plaintiffs both by their

representations, statements, and promises.

Among other things, the FCDSS Defendants owed duties to:

    a.  Protect and ensure Jaxon's health, safety, and well-being;
    b.  Ensure that the foster home(s) in which Jaxon was placed did not expose
        him to unwholesome influences, neglect, or mistreatment; and
    c.  Such other duties as prescribed by statute, policy, procedure, and regulation.

52.     The FCDSS Defendants negligently, grossly negligently, carelessly, and recklessly

breached their duties to Plaintiffs.

53.     For purposes of Virginia Code § 63.2-100, the FCDSS Defendants were subject to

compliance at all times with regulations promulgated by the State Board of Social Services (the

"Board").

54.     Pursuant to 22 Virginia Administration Code 40-131-90 of the Board's regulations,

the FCDSS Defendants were required to develop and implement numerous written policies and

procedures.

55.     The FCDSS Defendants were negligent, grossly negligent, careless, and reckless in

their development and/or implementation of at least the following such policies and procedures:

> a. Prohibiting corporal punishment, chemical and mechanical restraints, and seclusion;
> b. Ensuring that children were not subjected to physical, mental, or sexual abuse; verbal abuse or remarks that belittle or ridicule the child (Jaxon) or his family; physical neglect; or denied essential program or treatment services, meals, clothing, bedding, sleep, or personal care products; or any humiliating, degrading, or abusive actions; and/or
> c. Investigating, responding to, and reporting allegations of misconduct toward children, including reporting suspicions of child abuse or neglect to the local department of social services or the Child Abuse and Neglect Hotline.

56.     Further, the FCDSS Defendants negligently, grossly negligently, carelessly, and

recklessly performed and/or failed to perform at least the following ministerial tasks:

> a. Obtaining criminal history record information for the various temporary custodial Defendants' homes as required by Virginia Code § 63.2-901.1;
> b. Searching the child abuse and neglect central registry for the various temporary custodial Defendants' homes as required by Virginia Code § 63.2-901.1;
> c. Conducting a careful study to determine the suitability of the various temporary custodial Defendants' homes as required by Virginia Code § 63.2-904(A) and 22 Virginia Administrative Code 40-131-180;
> d. Visiting the various temporary custodial Defendants' homes as often as necessary to protect Jaxon's best interests as required by Virginia Code § 63.2-904(A) and 22 Virginia Administrative Code 40-131-230;
> e. Maintaining supervision of the various temporary custodial Defendants' homes home required by the standards and policies established by the Board in violation of Virginia Code § 63.2-904(B);

f.  Failing to cause Jaxon to be removed from the various temporary custodial Defendants' homes as required by Virginia Code § 63.2-904(C) when they had notice each and every time that he was exposed to unwholesome influences, neglect, and mistreatment;

g.  Entrusting Jaxon's care to the various temporary custodial Defendants' homes;

h.  Failing to protect Jaxon's health, safety, welfare, and best interests;

i.  Failing and refusing to undertake any action to investigate complaints or concerns received regarding Jaxon;

j.  Failing and refusing to timely remove Jaxon from each home immediately upon it becoming apparent that Jaxon was not receiving the full measure of care and protection required with each such placement;

k.  Failing and refusing to ensure that the environments at each and every one of the various temporary custodial Defendants' homes complied with applicable law, policy, procedure, and regulations, including without limitation 22 Virginia Administrative Code 40-131-190; and/or

l.  Such other failures as will be discovered and shown at trial.

57.    Further, the FCDSS Defendants were required by 22 Virginia Administrative Code 40-131-320 to take specific actions when they were informed of Jaxon's potential abuse and/or neglect. However, the FCDSS Defendants were negligent, grossly negligent, careless, and reckless in both failing to take these ministerial steps and in disparaging Plaintiffs and attempting to coerce them after receiving such reports.

58.    The FCDSS Defendants' actions, as set forth herein, demonstrate an utter disregard of prudence amounting to complete neglect of Plaintiffs' parental, custodial, legal, common law, and Constitutional rights, and of Jaxon's health, safety, and wellbeing. The FCDSS Defendants' conduct was negligent, grossly negligent, reckless, and careless, and demonstrated complete disregard of Plaintiff's rights, and of Jaxon's health, and safety that would shock the conscience of fair minded people.

59.    The FCDSS Defendants knew or reasonably should have known that their actions endangered Jaxon, and violated the rights of Plaintiffs. Nonetheless, the FCDSS Defendants persisted, and continue to persist, in their conduct.

60.    As a proximate result of the FCDSS Defendants' actions and violations of the duties that they owed, Plaintiffs have suffered and continue to suffer mental and emotional abuse, fear, anxiety, depression, shame, embarrassment, humiliation, pain, mental suffering, and mental anguish.

61.    Plaintiffs also seek punitive damages against the FCDSS Defendants as a result of their careless, reckless, and willful and wanton conduct as set forth herein.

### COUNT TWO
**Defamation**
*By Plaintiffs Dean and Katrina Gravely against Defendants FCDSS, Tracy Brewster, David Hope; and as yet Unnamed Co-Conspirators to be Named Upon the Disclosure of their Identities Through Discovery*

62.    Plaintiffs incorporate herein by reference all of the preceding paragraphs of this Complaint and repeat, reallege, and replead all the allegations contained therein as though the same were fully and specifically set forth herein.

63.    The FCDSS Defendants published defamatory statements to third parties that imputed to them unfitness as loving, caring parents, and dishonesty, and considerable other manner of ill repute.

64.    The specific defamatory statements made by Defendants about Plaintiffs include:

a.    That Plaintiffs were unfit parents, and were not adequately capable of or tending to Jaxon's medical and other developmental needs, including by failing to properly have Jaxon treated for or otherwise properly address a "seizure disorder" due to alleged "interuterine drug use" that the FCDSS Defendants alleged Jaxon had.  Said statements were made repeatedly to multiple individuals by FCDSS through their agent Defendant David Hope, including but not limited

to in and to the Floyd County Juvenile and Domestic Relations District Court on dates of hearings therein, and to various professionals involved or hired by the FCDSS for evaluations and other purposes;

b. That Plaintiff Katrina Gravely was in possession of illegal drugs. Said statements were made by Defendants Hope and CASA to the Floyd County Juvenile and Domestic Relations District Court, and to foster care parents and other agencies and professionals and others to include, but not limited to Plaintiffs family members, neighbors, friends and other community members;

c. That as a result of being subject to alleged treatment in your Plaintiffs' home Jaxon suffered from Reactive Attachment Disorder (RAD). Said statements were made by Defendant Hope to the Floyd County Juvenile and Domestic Relations District Court despite there being no conclusive or authoritative clinical documentation in support of the existence of any Reactive Attachment Disorder in Jaxon;

d. That your Plaintiffs had "kidnapped," "taken" or "stolen" Jaxon illegally from his alleged birth parents in Pennsylvania. Said statements were made by Defendant Hope to the Floyd County Juvenile and Domestic Relations District Court, the Floyd County Circuit Court, to George Becker, to Pamela Becker, to foster care parents, to law enforcement agencies, to Gravely family members,

to the Aldermans, and upon information and belief to others whose identities may be disclosed during the discovery process of this matter;

e.  That your Plaintiffs had "kidnapped," "taken" or "stolen" Jaxon illegally from his alleged birthparents in Mexico, or from his allegedly "Mexican" birth parents. Said statements were made by Defendant Hope to the Floyd County Juvenile and Domestic Relations District Court, the Floyd County Circuit Court, to George Becker, to Pamela Becker, and upon information and belief to others whose identities may be disclosed during the discovery process of this matter;

f.  That Plaintiff Katrina Gravely was in possession of illegal drugs. Said statements were made repeatedly to multiple individuals, including but not limited to in and to the Floyd County Juvenile and Domestic Relations District Court on dates of hearings therein, by FCDSS through their agent Defendant David Hope;

g.  That Plaintiffs had both "intimidated" and "threatened" Brenda and Wendell Alderman, both directly, and through alleged surrogates, Plaintiffs' neighbors, George and Pamela Becker. Said statements were made repeatedly to multiple individuals, including but not limited to in and to the Floyd County Juvenile and Domestic Relations District Court on dates of hearings therein, by FCDSS through their agent Defendant David Hope;

     h.  That Plaintiff Dean Gravely voluntarily "placed" Jaxon with his daughter, when in fact Defendant Hope had threatened putting Jaxon in foster care "right now" if Plaintiff Dean Gravely did not provide a family member with whom Jaxon could stay. Said statements were made repeatedly to multiple individuals, including but not limited to in and to the Floyd County Juvenile and Domestic Relations District Court on dates of hearings therein, by FCDSS through their agent Defendant David Hope;

     i.  That Plaintiffs, or either of them, had made "harassing" phone calls and sent "sexually explicit texts" to the Aldermans in an effort to harass and intimidate them, to ultimately have Jaxon removed from their care. Said statements were made repeatedly to multiple individuals, including but not limited to in and to the Floyd County Juvenile and Domestic Relations District Court on dates of hearings therein, by FCDSS through their agent Defendant David Hope;

65.    The FCDSS Defendants knew, or had reasonable cause to believe, that their statements were false.

66.    The statements made by the FCDSS Defendants about Plaintiffs were, in fact, false.

67.    The FCDSS Defendants' defamatory statements injured Plaintiffs' reputation.

68.    The FCDSS Defendants' defamatory statements, under their usual construction and common acceptance, are construed as insults and tend to violence and breach of the peace.

Accordingly, such statements are actionable under both the common law and pursuant to Virginia Code § 8.01-45.

69.     The FCDSS Defendants' defamatory statements are defamatory *per se* in that the FCDSS Defendants made such communications with the intent to injure Plaintiffs financially and in their ability to obtain financial support for themselves and their child. The FCDSS Defendants' defamatory statements are further defamatory *per se* in that they accuse your Plaintiffs of serious crimes, including felonies.

70.     The FCDSS Defendants' defamatory statements are defamatory *per quod* in that the FCDSS Defendants made such communications with the intent to injure Plaintiffs individually and in their personal reputation.

71.     The FCDSS Defendants made the statements knowing them to be false or, believing them to be true, lacked reasonable grounds for such belief or acted negligent, grossly negligent, careless, and reckless in failing to ascertain the facts on which the statements were based.

72.     Plaintiffs sustained actual damages, including, without limitation, pain, embarrassment, humiliation, mental suffering, out-of-pocket losses, and injury to their reputation, as a direct and proximate result of the FCDSS Defendants' defamatory statements.

73.     Plaintiffs also seek punitive damages against the FCDSS Defendants as a result of their defamatory statements, because the FCDSS Defendants made such statements knowing they were false or made them so recklessly as to amount to a willful disregard for the truth.

**COUNT THREE**
**42 U.S.C. § 1983**
*By Plaintiffs Dean and Katrina Gravely against Defendants FCDSS, Tracy Brewster, David Hope, DePaul Family Services, and Home First Care*

74.     Plaintiffs incorporate herein by reference all of the preceding paragraphs of this Complaint and repeat, reallege, and replead all the allegations contained therein as though the same were fully and specifically set forth herein.

75.     For purposes of 42 United States Code § 1983, each of the FCDSS Defendants qualify as a "person."

76.     In the ways set forth at length herein, at all relevant times the FCDSS Defendants acted under color of law to deprive Plaintiffs of their constitutional rights.

77.     The deprivations of Plaintiffs' constitutional rights include, but are not limited to, the following:

        a.  The wrongful interference with their First Amendment right to associate with their child, Jaxon; and/or
        b.  The violation of Plaintiffs' Fourteenth Amendment rights by breaching the duty to protect Jaxon after restraining their personal liberty in wrongfully removing Jaxon from their care, and therein further violating their parental rights.

78.     As a result of the FCDSS Defendants' violations of Plaintiffs' constitutional rights, Plaintiffs are entitled to nominal damages, compensatory damages, punitive damages, and their reasonable attorney fees.

## COUNT FOUR
### Common Law Conspiracy
*By Plaintiffs Dean and Katrina Gravely against Defendants FCDSS, Tracy Brewster, David Hope; and as yet Unnamed Co-Conspirators to be Named Upon the Disclosure of their Identities Through Discovery*

79.     Plaintiffs incorporate herein by reference all of the preceding paragraphs of this Complaint and repeat, reallege, and replead all the allegations contained therein as though the same were fully and specifically set forth herein.

80.     Each of the FCDSS Defendants joined and conspired to accomplish by concerted action a criminal or unlawful purpose and/or a lawful purpose by a criminal or unlawful means.

81.    Upon information and belief, some of the objects of the FCDSS Defendants'

conspiracy were to

      a.  Discredit Plaintiffs by disparaging and destroying their reputations;

      b.  Coerce Plaintiffs into signing over all parental rights to Jaxon;

      c.  Prevent others, including law enforcement and the media, from discovering the nature and extent of the various Defendants' unlawful and immoral actions;

      d.  Prevent others, including law enforcement and the media, from discovering the nature and extent of the various Defendants' egregious breaches of their duties to protect the health, safety, and welfare of Jaxon;

      e.  Prevent others, including law enforcement and the media, from discovering the FCDSS Defendants' violations of state law, applicable regulations, and their assumed duties to Plaintiffs and to Jaxon; and/or

      f.  Such other ways as shall be shown at trial.

82.    Actions taken in furtherance of the conspiracy by the Defendants include, but are

not necessarily limited to:

      a.  Defendant Hope's false representation to the Floyd County Juvenile and Domestic Relations District Court that the Aldermans originally came into care of Jaxon by way of involuntary "placement" by the FCDSS Defendants, rather than by your Plaintiffs' voluntary election to have the Aldermans provide child care for Jaxon long before the FCDSS Defendants became involved with your Plaintiffs and Jaxon;

      b.  Defendants Hope's and CASA's false representations to the Floyd County Juvenile and Domestic Relations District Court that Plaintiff Katrina Gravely was in possession of illegal drugs;

      c.  Defendant Hope's false representation to the Floyd County Juvenile and Domestic Relations District Court that Plaintiff Katrina Gravely had used, was using, and continued to use illegal drugs, while contemporaneously concealing the fact known to Defendants that Plaintiff Katrina Gravely had never failed (tested positive for any controlled substance pursuant to) any drug screen she had taken whether said drug

screens were hair follicle tests or urine screens, and further concealing the likelihood of false positives as reflected in the medical records;

d.  Repeatedly submitting bills for various services and treatments of Jaxon to your Plaintiffs' insurance, despite having obtained "funding" for said care and treatments through FCDSS' normal procedures;

e.  FCDSS Defendants' false representations that Jaxon suffered from Reactive Attachment Disorder (RAD) despite knowing there was no conclusive or authoritative clinical documentation in support of the same;

f.  FCDSS Defendants, Jane and John Doe #s 1 and 2, Home First and DePaul, in some combination, repeatedly taking Jaxon to receive clinical or medical treatments immediately before each court date to further cast your Plaintiffs in a false and negative light;

g.  Defendant Hope's false representations to the Floyd County Juvenile and Domestic Relations District Court, the Floyd County Circuit Court, to George Becker, to Pamela Becker, and to others, that your Plaintiffs had "kidnapped," "taken" or "stolen" Jaxon illegally from his alleged birthparents in Pennsylvania;

h.  Defendant Hope's false representations to the Floyd County Juvenile and Domestic Relations District Court, the Floyd County Circuit Court, to George Becker, to Pamela Becker, and to others, that your Plaintiffs had "kidnapped," "taken" or "stolen" Jaxon illegally from his alleged birthparents in Mexico, or from his allegedly "Mexican" birthparents;

i.  Defendant Hope's false representations to the Floyd County Juvenile and Domestic
    Relations District Court, the Floyd County Circuit Court, to George Becker, to Pamela
    Becker, and to others, that your Plaintiffs had illegally "purchased Jaxon with drugs";

j.  Defendant Hope's false written reports of Jaxon's whereabouts in foster care in an
    effort to intentionally deceive your Plaintiffs and further alienate your Plaintiffs from
    Jaxon;

k.  Defendant Hope's false reports of the Aldermans being "intimidated" or "threatened"
    by George and Pamela Becker on behalf of your Plaintiffs;

l.  Defendant Hope's false reports of the Aldermans being "intimidated" and "threatened"
    by your Plaintiffs directly;

m. Defendant Hope's repeated referenced to false, unsubstantiated, and unnecessary care
    or treatment providers for Jaxon, which never came to fruition, such as, but not limited
    to, Defendant Hope's statement that Jaxon was being "referred" to an Occupational
    Therapist, a speech therapist, and a neurologist, none of which never occurred;

n.  Defendant Hope's false allegation that Plaintiff Dean Gravely voluntarily "placed"
    Jaxon with his daughter, when in fact Defendant Hope had threatened putting Jaxon in
    foster care "right now" if Plaintiff Dean Gravely did not provide a family member with
    whom Jaxon could stay;

o.  Defendant Hope's false allegation that Plaintiffs, or either of them, had made
    "harassing" phone calls and sent "sexually explicit texts" to the Aldermans in an effort
    to have Jaxon removed from their care;

p.  Defendant Hope intentionally and deliberately providing false information regarding
    Plaintiff Katrina Gravely's medical history to various care providers, to include, but

not limited to, Sarah Bertelo of the National Counseling Group, to evaluating Psychologists Brammer and Marks, to CASA, to foster care providers, to law enforcement and others, presumably in an effort to further cast Plaintiff Katrina Gravely in a negative and less sympathetic light;

q. Defendant Hope intentionally and deliberately providing false information to your Plaintiffs asserting that there was a "protective order" and/or a "no contact order" in place against them prohibiting them from having any contact, whatsoever with the Aldermans, knowing that no such "protective order" or "no contact order" ever existed;

r. FCDSS Defendants' forceful compulsion / coercion of the Aldermans to file for custody of Jaxon, and to become "certified" as foster care providers;

s. FCDSS Defendants', through Defendant Hope, representation in a sworn affidavit that Jaxon had been "adopted" by your Plaintiffs, when said statement was known to be false, or made with such reckless disregard for the truth or falsity of such statement and/or such willful blindness thereto, as to demonstrate a deliberate common scheme or plan to defame, impugn and detrimentally affect your Plaintiffs;

t. Defendant FCDSS through one or more of its agents, attempting to persuade and coerce Plaintiff Katrina Gravely's probation officer to improperly and unnecessarily keep her on probation longer, to continue to falsely cast her in a negative light, knowing there was no justification for Plaintiff Katrina Gravely to remain on probation;

u. Defendant CASA of the NRV deliberately and intentionally changing the findings of its case worker in initial reports that were favorable to the Plaintiffs, to harsh and negative conclusions in a subsequent report submitted to the Floyd County Juvenile and Domestic Relations District Court and to the other FCDSS Defendants; and upon

information and belief having the CASA supervisor initial to "sign-off" on the said negative changes rather than the investigating case worker himself;

v.  FCDSS Defendants' continued and ongoing failure and refusal to provide your Plaintiffs ongoing services for the purpose of Jaxon "return[ing] home" to them, as required by the FCDSS Defendants' service plans and Court Orders; and

w.  FCDSS Defendants, including but not necessarily limited to David Hope, failing and refusing to obtain "second opinions" for dubious medical determinations, conditions, diagnoses or treatments when Plaintiffs repeatedly questioned FCDSS Defendants regarding the same, while the FCDSS Defendants insisted your Plaintiffs were "not entitled" to any such "second opinions" regarding their son's medical conditions or treatments, as according to Defendant David Hope, your Plaintiffs were "not entitled" to _any_ information regarding Jaxon's medical condition(s) or records.

83.     Plaintiffs sustained actual damages, including, without limitation, pain, embarrassment, humiliation, mental suffering, out-of-pocket losses, and injury to their reputation, as a proximate result of the FCDSS Defendants' unlawful conspiracy.

84.     Plaintiffs also seeks punitive damages against the FCDSS Defendants as a result of their unlawful conspiracy, because the FCDSS Defendants knowingly engaged in such unlawful conspiracy in an intentional effort to hide their own conduct from discovery by others.

**COUNT FIVE**
**Wrongful Interference with Parent-Child Relationship**
**Tortious Interference with Custodial Rights**
*By Plaintiffs Dean and Katrina Gravely against Defendants FCDSS, Tracy Brewster, David Hope, DePaul Family Services, First Home Care, and CASA of the NRV; and as yet Unnamed Co-Conspirators to be Named Upon the Disclosure of their Identities Through Discovery*

85.     Plaintiffs incorporate herein by reference all of the preceding paragraphs of this Complaint and repeat, reallege, and replead all the allegations contained therein as though the same were fully and specifically set forth herein.

86.     Plaintiffs had a right to establish and/or maintain a parental or custodial relationship with Jaxon.

87.     The FCDSS Defendants intentionally and maliciously interfered with Plaintiffs' relationship with Plaintiffs by wrongfully removing their child from their care, detaining him in unfit homes such as that operated by the various temporary custodial Defendants, permitting Jaxon to be neglected and/or abused, permitting Plaintiffs to be defamed, maligned, humiliated and publically ridiculed, and otherwise preventing Plaintiffs from exercising their parental and/or custodial rights with respect to Jaxon.

88.     The intentional, wrongful, and malicious actions of the FCDSS Defendants caused harm to Plaintiffs' parental and/or custodial relationship with Jaxon.

89.     Plaintiffs sustained actual damages, including, without limitation, pain, embarrassment, humiliation, mental suffering, out-of-pocket losses, and injury to their reputation, and the loss of nearly two years and counting of Jaxon's life as his parents which they will never be able to get back, as a proximate result of the FCDSS Defendants' wrongful interference with Plaintiffs' parent-child relationship with and their custodial rights to Jaxon.

90.     Plaintiffs also seek punitive damages against the FCDSS Defendants as a result of their wrongful and tortious interference with Plaintiffs' parent-child relationship with and their custodial rights to Jaxon, because the FCDSS Defendants engaged in willful, wanton, grossly offensive, and egregious conduct intended to interfere with Plaintiffs' relationship with Jaxon and

to obscure the illegal, immoral, and unconscionable actions of the FCDSS and the other Defendants.

**JURY DEMAND**

Plaintiffs demand trial by jury on all issues.

***AD DAMNUM***

**WHEREFORE,** Plaintiffs Katrina Anne Gravely and Luther Dean Gravely move this Court for Judgment against the Defendants, jointly and severally, in the amount of **FIFTEEN MILLION DOLLARS ($15,000,000.00)** in compensatory damages, **FIVE MILLION DOLLARS ($5,000,000.00)** in punitive damages, their taxable costs, and pre-judgment and post-judgment interest on all of these amounts.

PLAINTIFFS KATRINA ANNE GRAVELY AND LUTHER DEAN GRAVELY

By Counsel

Patrick Michael McGraw
Virginia State Bar # 68425
McGRAW LAW, P.C.
The La Premiere Building
2727 Electric Road, Suite 207
Roanoke, VA 24018
Telephone:      (540) 904-5704
Facsimile:      (540) 904-5709
E-mail:      patmcgrawlaw@gmail.com
Counsel for Plaintiffs

Botetourt County Circuit Court
Filed in the Clerk's Office April 17, 2018

Total Paid $ 344.00

Teste: Tommy L. Moore, Clerk

_____ Deputy Clerk

**PROOF OF SERVICE**
COMMONWEALTH OF VIRGINIA
Rule 3:6

Case No. CL18000269-00

Service No. ................................................ (Clerk's use only)

BOTETOURT COUNTY CIRCUIT COURT ................................................ Circuit Court

1 WEST MAIN STREET SUITE 120 PO BOX 219, FINCASTLE, VA 24090
ADDRESS OF COURT

KATRINA ANNE GRAVELY, ET AL          v.          JANE DOE, ET AL

Service on: COURT APPOINTED SPECIAL ADVOCATES OF THE NEW RIVER

VALLEY, C/O REG AGENT: CLIFFORD L. HARRISON

1007 E. MAIN STREET, RADFORD, VA 24143          CITY OR COUNTY

Return shall be made hereon, showing service of the following:

[x] Summons issued on: ........................ JULY 12, 2018
                                                  DATE

[ ] Order dated ................................................................

[ ] ................................................................

with a copy of the following documents filed on ........................ APRIL 17, 2018 ........................ attached:
                                                                          DATE

COMPLAINT

F I L E D
IN THE CLERK'S OFFICE          TIME
BOTETOURT COUNTY CIRCUIT COURT          04

TESTE: JUL 2 0 2018

TOMMY L. MOORE, CLERK

_____ D.C.

---

## RETURN OF SERVICE

[X] Personal Service     [ ] Being unable to make personal service, a copy was delivered in the following manner:

[ ] Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above:

[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

[ ] Served on Secretary of the Commonwealth.

[ ] Served on the Clerk of the State Corporation Commission pursuant to Virginia Code § 8.01-513.

[ ] Served on registered agent of the corporation. List name and title: ........................

[ ] By substituted service on the registered agent pursuant to Virginia Code § 8.01-299(3)

[ ] Served on the Commissioner of the Department of Motor Vehicles.
FOR GARNISHMENT OF FEDERAL WAGES ONLY:

[ ] Pursuant to 5 U.S.C. § 5520a, service by certified or registered mail, return receipt requested.

[ . ] not found

Date: 7/18/18

M. Armentrout ................................................ , Sheriff

by D.D. Owens ................................................ , Deputy Sheriff

Radford
CITY OR COUNTY

FORM CC-1405 MASTER 07/16

25
26

# PROOF OF SERVICE

COMMONWEALTH OF VIRGINIA
Rule 3:6

Case No. ......... CL18000269-00 .........................

Service No. ................................................ (Clerk's use only)

BOTETOURT COUNTY CIRCUIT COURT

.................................................................................................................. Circuit Court

1 WEST MAIN STREET SUITE 120 PO BOX 219, FINCASTLE, VA 24090
.......................................................... ADDRESS OF COURT ..........................................................

KATRINA ANNE GRAVELY, ET AL          v.          JANE DOE, ET AL
.......................................................................                    .......................................................................

Service on:  DEPAUL COMMUNITY RESOURCES D/B/A DEPAUL FAMILY

SERVICES C/O REG AGT: MICHAEL J. HERTZ          ROANOKE, VA 24011

WOODS ROGERS, PLC 10 S JEFFERSON ST, STE 1400          CITY OR COUNTY

---

Return shall be made hereon, showing service of the following:

[x] Summons issued on: ..............................          JULY 12, 2018
                                                                                      DATE

[ ] Order dated .................................................................................................

[ ] ..........................................................................................................................

---

with a copy of the following documents filed on ............................          APRIL 17, 2018          .......................... attached:
                                                                                                                                DATE

COMPLAINT
.....................................................................................................................................
.....................................................................................................        F I L E D .........................TIME
                                                                                                         IN THE CLERK'S OFFICE  11 am
.....................................................................................................        BOTETOURT COUNTY CIRCUIT COURT

.....................................................................................................        TESTE:  JUL 2 6  2018

TOMMY L. MOORE, CLERK
Catherine R Wrath D.C.

---

## RETURN OF SERVICE

[ ] Personal Service     [ ] Being unable to make personal service, a copy was delivered in the following manner:

[ ] Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above:

[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode, address listed above.  (Other authorized recipient not found.)

[ ] Served on Secretary of the Commonwealth.

[ ] Served on the Clerk of the State Corporation Commission pursuant to Virginia Code § 8.01-513.

[x] Served on registered agent of the corporation.  List name and title: ...........................................................................
              MR  Hertz

[ ] By substituted service on the registered agent pursuant to Virginia Code § 8.01-299(3)

[ ] Served on the Commissioner of the Department of Motor Vehicles.
FOR GARNISHMENT OF FEDERAL WAGES ONLY:

[ ] Pursuant to 5 U.S.C. § 5520a, service by certified or registered mail, return receipt requested.

[ ] not found                                                                        ......................................., Sheriff

Date: ......7-23-18......          by ......................................, Deputy Sheriff

                                                    CITY OR COUNTY

FORM CC-1405 MASTER 07/16

**PROOF OF SERVICE**

COMMONWEALTH OF VIRGINIA
Rule 3:6

Case No. CL18000269-00

Service No. .................................................... (Clerk's use only)

BOTETOURT COUNTY CIRCUIT COURT .................................................... Circuit Court

1 WEST MAIN STREET SUITE 120 PO BOX 219, FINCASTLE, VA 24090
ADDRESS OF COURT

KATRINA ANNE GRAVELY, ET AL          v.          JANE DOE, ET AL

Service on: DAVID HOPE, C/O FLOYD COUNTY DEPT OF SOCIAL

SERVICES, 120 WEST OXFORD STREET, SUITE B

FLOYD, VA 24091                                    CITY OR COUNTY

Return shall be made hereon, showing service of the following:

[X] Summons issued on: ............................................ JULY 12, 2018
                                                          DATE

[ ] Order dated ....................................................

[ ] ....................................................

with a copy of the following documents filed on ............................ APRIL 17, 2018 ............ attached:
                                                                   DATE

COMPLAINT

....................................................

....................................................       F I L E D ........................TIME
                                              IN THE CLERK'S OFFICE 11am
....................................................       BOTETOURT COUNTY CIRCUIT COURT

....................................................       TESTE: JUL 2 6 2018

                                              TOMMY L. MOORE, CLERK
                                              Catherine R Heath D.C.

**RETURN OF SERVICE**

Personal Service | [ ] Being unable to make personal service, a copy was delivered in the following manner:

[X] Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named
above after giving information of its purport. List name, age of recipient, and relation of recipient to party named
above:
        Tracy Brewster - Floyd Co. DOSS

[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode, address listed
above. (Other authorized recipient not found.)
[ ] Served on Secretary of the Commonwealth.
[ ] Served on the Clerk of the State Corporation Commission pursuant to Virginia Code § 8.01-513.
[ ] Served on registered agent of the corporation. List name and title: ....................................................

....................................................

[ ] By substituted service on the registered agent pursuant to Virginia Code § 8.01-299(3)

[ ] Served on the Commissioner of the Department of Motor Vehicles.
FOR GARNISHMENT OF FEDERAL WAGES ONLY:
[ ] Pursuant to 5 U.S.C. § 5520a, service by certified or registered mail, return receipt requested.

[ ] not found

Date: 7/20/18                    by          B. J. Craig ........................, Sheriff
                                             Lt. A.W. Akers ........................, Deputy Sheriff
                                             Floyd
                                             CITY OR COUNTY

FORM CC-1405 MASTER 07/16

**PROOF OF SERVICE**
COMMONWEALTH OF VIRGINIA
Rule 3:6

Case No. .......CL18000269-00..............................
Service No. ...........................................(Clerk's use only)

BOTETOURT COUNTY CIRCUIT COURT .............................................................. Circuit Court

1 WEST MAIN STREET SUITE 120 PO BOX 219, FINCASTLE, VA 24090
ADDRESS OF COURT

KATRINA ANNE GRAVELY, ET AL          v.          JANE DOE, ET AL

Service on: TRACY BREWSTER C/O FLOYD COUNTY DEPT OF SOCIAL

SERVICES, 120 WEST OXFORD STREET, SUITE B

FLOYD, VA 24091                                        CITY OR COUNTY

Return shall be made hereon, showing service of the following:

[x] Summons issued on: .................... JULY 12, 2018
                                                        DATE

[ ] Order dated ...........................................................................

[ ] .....................................................................................................

with a copy of the following documents filed on ....................... APRIL 17, 2018 ................ attached:
                                                                                    DATE

COMPLAINT

F I L E D                                    TIME
IN THE CLERK'S OFFICE   11am
BOTETOURT COUNTY CIRCUIT COURT

TESTE: JUL 2 6 2018

TOMMY L MOORE, CLERK
Catherine R Trash D.C.

**RETURN OF SERVICE**

[X] Personal Service     [ ] Being unable to make personal service, a copy was delivered in the following manner:

Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named
above after giving information of its purport. List name, age of recipient, and relation of recipient to party named
above:

...........................................................................................................................................................................

[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode, address listed
   above. (Other authorized recipient not found.)
[ ] Served on Secretary of the Commonwealth.
[ ] Served on the Clerk of the State Corporation Commission pursuant to Virginia Code § 8.01-513.
[ ] Served on registered agent of the corporation. List name and title: ..................................................................

   [ ] By substituted service on the registered agent pursuant to Virginia Code § 8.01-299(3)

[ ] Served on the Commissioner of the Department of Motor Vehicles.
FOR GARNISHMENT OF FEDERAL WAGES ONLY:
[ ] Pursuant to 5 U.S.C. § 5520a, service by certified or registered mail, return receipt requested.

[ ] not found                        B. J. Craig ........................................., Sheriff

Date: 7/20/18          by    Lt. A. W. Akers ..................., Deputy Sheriff
                                    Floyd
                                    CITY OR COUNTY

FORM CC-1405 MASTER 07/16

**V I R G I N I A:**

## IN THE CIRCUIT COURT OF BOTETOURT COUNTY

**KATRINA ANNE GRAVELY and
LUTHER DEAN GRAVELY,**

**Plaintiffs,**

**v.**

**Case No.  CL-18-269-00**

**JANE DOE #1, JOHN DOE #1; JANE DOE
#2; JOHN DOE #2; FLOYD COUNTY
DEPARTMENT OF SOCIAL SERVICES;
TRACY BREWSTER; DAVID HOPE; FIRST
HOME CARE; DEPAUL FAMILY
SERVICES; and COURT APPOINTED
SPECIAL ADVOCATES OF THE NEW
RIVER VALLEY (CASA OF THE NRV);**

**Defendants.**

### FIRST HOME CARE'S ANSWER

**COMES NOW,** First Home Care (hereinafter, "this Defendant"), by counsel, and respectfully files its Answer to the Plaintiffs' Complaint.  Unless unequivocally admitted, all allegations, paragraphs, and headings contained in the Plaintiffs' Complaint are denied, and strict proof is required thereof.   In response to the Complaint, this Defendant states as follows:

1.     That with regard to the allegations contained in paragraph one (1) of the Plaintiffs' Complaint, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations, and therefore they are denied.

2.     That with regard to the allegations contained in paragraph two (2) of the Plaintiffs' Complaint, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations, and therefore they are denied.

IN THE CLERK'S OFFICE 9:20 AM TIME
BOTETOURT COUNTY CIRCUIT COURT

TESTE:  AUG 0 9 2018

TOMMY L. MOORE, CLERK

_____ D.C.

3.      That with regard to the allegations contained in paragraph three (3) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.  To the extent a response is required, it is admitted that the minor child has been placed in the care of Jane Doe #2 and John Doe #2.  This Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations, and therefore they are denied. To the extent that the allegations constitute a legal conclusion or request, no response is required.   Any remaining allegations are denied.

4.      That with regard to the allegations contained in paragraph four (4) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.   To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

5.      That with regard to the allegations contained in paragraph five (5) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.   To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

6.      That with regard to the allegations contained in paragraph six (6) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.   To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

7.      That with regard to the allegations contained in paragraph seven (7), of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.  To the extent a response is required, this Defendant

lacks sufficient knowledge or information to form a belief about the truth of the allegations.

8.      That with regard to the allegations contained in paragraph eight (8) of the Plaintiffs' Complaint, it is admitted that ABS LINCS VA, Inc., is a Virginia corporation doing business as First Home Care in the Commonwealth of Virginia.  The remaining allegations are denied.

9.      That with regard to the allegations contained in paragraph nine (9) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.  To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

10.     That with regard to the allegations contained in paragraph ten (10) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.  To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

**Facts**

11.     That with regard to the allegations contained in paragraph eleven (11) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.  To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

12.     That with regard to the allegations contained in paragraph twelve (12) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.  To the extent a response is required, this Defendant

lacks sufficient knowledge or information to form a belief about the truth of the allegations.

13.     That with regard to the allegations contained in paragraph thirteen (13) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.  To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

14.     That with regard to the allegations contained in paragraph fourteen (14) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.  To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

15.     That with regard to the allegations contained in paragraph fifteen (15) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.  To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

16.     That with regard to the allegations contained in paragraph sixteen (16) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.  To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

4

17.     That with regard to the allegations contained in paragraph seventeen (17) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required. To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

18.     That with regard to the allegations contained in paragraph eighteen (18) of the Plaintiffs' Complaint, any allegations pertaining to this Defendant are denied. The remaining allegations are not directed to this Defendant, and this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

19.     That with regard to the allegations contained in paragraph nineteen (19) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required. To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

20.     That with regard to the allegations contained in paragraph twenty (20) of the Plaintiffs' Complaint, including subparagraphs a. through e., the allegations are not directed to this Defendant, and therefore no response is required. To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

21.     That with regard to the allegations contained in paragraph twenty-one (21) of the Plaintiffs' Complaint, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations, and therefore they are denied.

5

22.     That with regard to the allegations contained in paragraph twenty-two (22) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.  To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

23.     That with regard to the allegations contained in paragraph twenty-three (23) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.  To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

24.     That with regard to the allegations contained in paragraph twenty-four (24) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.  To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

25.     That with regard to the allegations contained in paragraph twenty-five (25) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.  To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

26.     That with regard to the allegations contained in paragraph twenty-six (26), including subparts a. through e., of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.  To the extent a

response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

27.     That with regard to the allegations contained in paragraph twenty-seven (27) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.  To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

28.     That with regard to the allegations contained in paragraph twenty-eight (28) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.  To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

29.     That with regard to the allegations contained in paragraph twenty-nine (29) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.  To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

30.     That with regard to the allegations contained in paragraph thirty (30) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.  To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

31.     That with regard to the allegations contained in paragraph thirty-one (31) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and

therefore no response is required.  To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

32.     That with regard to the allegations contained in paragraph thirty-two (32) of the Plaintiffs' Complaint, it is admitted that this Defendant was involved in placing the minor child in the care of Jane Doe #2 and John Doe #2.  The remaining allegations are not directed to this Defendant, and this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

33.     That with regard to the allegations contained in paragraph thirty-three (33), including subparts a. through e., of the Plaintiffs' Complaint, the allegations pertaining to this Defendant are denied.    The remaining allegations are not directed to this Defendant, and this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

34.     That with regard to the allegations contained in paragraph thirty-four (34) of the Plaintiffs' Complaint, any allegations pertaining to this Defendant are denied. This Defendant lacks sufficient knowledge or information to form a belief about the truth of all other allegations.

35.     That with regard to the allegations contained in paragraph thirty-five (35) of the Plaintiffs' Complaint, any allegations pertaining to this Defendant are denied. This Defendant lacks sufficient knowledge or information to form a belief about the truth of all other allegations.

36.     That with regard to the allegations contained in paragraph thirty-six (36) of the Plaintiffs' Complaint, any allegations pertaining to this Defendant are denied.  This

8

Defendant lacks sufficient knowledge or information to form a belief about the truth of all other allegations.

37.     That with regard to the allegations contained in paragraph thirty-seven (37), including subparts a. through j., of the Plaintiffs' Complaint, it is admitted that the minor child was bitten by a dog and that he was treated at a hospital.  It is denied that the minor child was subject to acts of neglect or abuse during the time this Defendant was involved in his placement or care.  Any remaining allegations pertaining to this Defendant are denied.  This Defendant lacks sufficient knowledge or information to form a belief about the truth of all other allegations.

## THE FCDSS DEFENDANTS CONSPIRE TO HIDE THEIR MISCONDUCT

38.     That with regard to the allegations contained in paragraph thirty-eight (38) of the Plaintiffs' Complaint, the allegations pertaining to this Defendant are denied.  The remaining allegations are not directed to this Defendant, and this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

39.     That with regard to the allegations contained in paragraph thirty-nine (39) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.  To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

40.     That with regard to the allegations contained in paragraph forty (40), including subparts a. through c., of the Plaintiffs' Complaint, any allegations pertaining to this Defendant are denied. The remaining allegations are not directed to this

Defendant, and this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

41.    That with regard to the allegations contained in paragraph forty-one (41) of the Plaintiffs' Complaint, any allegations pertaining to this Defendant are denied. The remaining allegations are not directed to this Defendant, and this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

42.    That with regard to the allegations contained in paragraph forty-two (42) of the Plaintiffs' Complaint, any allegations pertaining to this Defendant are denied. The remaining allegations are not directed to this Defendant, and this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

## THE FCDSS DEFENDANTS REFUSE TO INVESTIGATE

43.    That with regard to the allegations contained in paragraph forty-three (43) of the Plaintiffs' Complaint, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations, and therefore they are denied.

44.    That with regard to the allegations contained in paragraph forty-four (44) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required. To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

45.    That with regard to the allegations contained in paragraph forty-five (45) of the Plaintiffs' Complaint, any allegations pertaining to this Defendant are denied. The remaining allegations are not directed to this Defendant, and this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

10

46.     That with regard to the allegations contained in paragraph forty-six (46) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.  To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

47.     That with regard to the allegations contained in paragraph forty-seven (47) of the Plaintiffs' Complaint, any allegations pertaining to this Defendant are denied.  The remaining allegations are not directed to this Defendant, and this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

48.     That with regard to the allegations contained in paragraph forty-eight (48) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.  To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

## COUNT ONE
### Gross Negligence
**By Plaintiffs Dean and Katrina Gravely against Defendants FCDSS, Tracy Brewster, David Hope, DePaul Family Services, and Home First Care [sic]**

49.     That with regard to the allegations contained in paragraph forty-nine (49) of the Plaintiffs' Complaint, this Defendant adopts its previous responses in paragraphs one (1) through forty-eight (48) as responses to the allegations incorporated by the Plaintiffs in this paragraph.

50.     That with regard to the allegations contained in paragraph fifty (50) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no

response is required. To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

51. That with regard to the allegations contained in paragraph fifty-one (51), including subparts a. through c., of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required. To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

52. That with regard to the allegations contained in paragraph fifty-two (52) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required. To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

53. That with regard to the allegations contained in paragraph fifty-three (53) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required. To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

54. That with regard to the allegations contained in paragraph fifty-four (54) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required. To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

55.     That with regard to the allegations contained in paragraph fifty-five (55), including subparts a. through c., of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.  To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

56.     That with regard to the allegations contained in paragraph fifty-six (56), including subparts a. through l., of the Plaintiffs' Complaint, any allegations pertaining to this Defendant are denied.   The remaining allegations are not directed to this Defendant, and this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

57.     That with regard to the allegations contained in paragraph fifty-seven (57) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.  To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

58.     That with regard to the allegations contained in paragraph fifty-eight (58) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.  To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

59.     That with regard to the allegations contained in paragraph fifty-nine (59) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.  To the extent a response is required, this Defendant

lacks sufficient knowledge or information to form a belief about the truth of the allegations.

60.    That with regard to the allegations contained in paragraph sixty (60) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.  To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

61.    That with regard to the allegations contained in paragraph sixty-one (61) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.  To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

## COUNT TWO
### Defamation
### *By Plaintiffs Dean and Katrina Gravely against Defendants FCDSS, Tracy Brewster, David Hope, and as yet Unnamed Co-Conspirators to be Named upon the Disclosure of Their Identities Through Discovery*

62.    That with regard to the allegations contained in paragraph sixty-two (62) of the Plaintiffs' Complaint, this Defendant adopts its previous responses in paragraphs one (1) through sixty-one (61) as responses to the allegations incorporated by the Plaintiffs in this paragraph.

63.    That with regard to the allegations contained in paragraph sixty-three (63) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.  To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

64.     That with regard to the allegations contained in paragraph sixty-four (64), including subparts a. through i., of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.   To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

65.     That with regard to the allegations contained in paragraph sixty-five (65) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.  To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

66.     That with regard to the allegations contained in paragraph sixty-six (66) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.  To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

67.     That with regard to the allegations contained in paragraph sixty-seven (67) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.  To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

68.     That with regard to the allegations contained in paragraph sixty-eight (68) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.  To the extent a response is required, this Defendant

lacks sufficient knowledge or information to form a belief about the truth of the allegations.

69.    That with regard to the allegations contained in paragraph sixty-nine (69) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required. To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

70.    That with regard to the allegations contained in paragraph seventy (70) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required. To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

71.    That with regard to the allegations contained in paragraph seventy-one (71) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required. To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

72.    That with regard to the allegations contained in paragraph seventy-two (72) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required. To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

73. That with regard to the allegations contained in paragraph seventy-three (73) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required. To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

### COUNT THREE
### 42 U.S.C. § 1983
### *By Plaintiffs Dean and Katrina Gravely against Defendants FCDSS, Tracy Brewster, David Hope, DePaul Family Services, and Home First Care [sic]*

74. That with regard to the allegations contained in paragraph seventy-four (74) of the Plaintiffs' Complaint, this Defendant adopts its previous responses in paragraphs one (1) through seventy-three (73) as responses to the allegations incorporated by the Plaintiffs in this paragraph.

75. That with regard to the allegations contained in paragraph seventy-five (75) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required. To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

76. That with regard to the allegations contained in paragraph seventy-six (76) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required. To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

77. That with regard to the allegations contained in paragraph seventy-seven (77), including subparts a. through b., of the Plaintiffs' Complaint, the allegations are not

directed to this Defendant, and therefore no response is required. To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

78. That with regard to the allegations contained in paragraph seventy-eight (78) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required. To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

## COUNT FOUR
### Common Law Conspiracy
*By Plaintiffs Dean and Katrina Gravely against Defendants FCDSS, Tracy Brewster, David Hope, and as yet Unnamed Co-Conspirators to be Named upon the Disclosure of Their Identities Through Discovery*

79. That with regard to the allegations contained in paragraph seventy-nine (79) of the Plaintiffs' Complaint, this Defendant adopts its previous responses in paragraphs one (1) through seventy-eight (78) as responses to the allegations incorporated by the Plaintiffs in this paragraph.

80. That with regard to the allegations contained in paragraph eighty (80) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required. To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

81. That with regard to the allegations contained in paragraph eighty-one (81), including subparts a. through f., of the Plaintiffs' Complaint, any allegations pertaining to this Defendant are denied. The remaining allegations are not directed to this

18

Defendant, and this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

82.     That with regard to the allegations contained in paragraph eighty-two (82), including subparts a. through w., of the Plaintiffs' Complaint, it is admitted the records reflect the minor child had a diagnosis of Reactive Attachment Disorder. The allegations pertaining to this Defendant are denied. The remaining allegations are not directed to this Defendant, and this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

83.     That with regard to the allegations contained in paragraph eighty-three (83) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required. To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

84.     That with regard to the allegations contained in paragraph eighty-four (84) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required. To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

**COUNT FIVE**
**Wrongful Interference with Parent-Child Relationship**
**Tortious Interference with Custodial Rights**
***By Plaintiffs Dean and Katrina Gravely against Defendants FCDSS, Tracy Brewster, David Hope, DePaul Family Services, First Home Care, and CASA of the NRV; and as yet Unnamed Co-Conspirators to be Named upon the Disclosure of Their Identities Through Discovery***

19

85.    That with regard to the allegations contained in paragraph eighty-five (85) of the Plaintiffs' Complaint, this Defendant adopts its previous responses in paragraphs one (1) through eighty-four (84) as responses to the allegations incorporated by the Plaintiffs in this paragraph.

86.    That with regard to the allegations contained in paragraph eighty-six (86) of the Plaintiffs' Complaint, the allegations constitute a legal conclusion to which no response is required.   To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

87.    That with regard to the allegations contained in paragraph eighty-seven (87) of the Plaintiffs' Complaint, any allegations pertaining to this Defendant are denied. The remaining allegations are not directed to this Defendant, and this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

88.    That with regard to the allegations contained in paragraph eighty-eight (88) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.   To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

89.    That with regard to the allegations contained in paragraph eighty-nine (89) of the Plaintiffs' Complaint, the allegations are not directed to this Defendant, and therefore no response is required.   To the extent a response is required, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations.

90. That with regard to the allegations contained in paragraph ninety (90) of the Plaintiffs' Complaint, it is denied that this Defendant engaged in any illegal, immoral, or unconscionable actions. Any remaining allegations pertaining to this Defendant are denied. This Defendant lacks sufficient knowledge or information to form a belief about the truth of all other allegations.

## JURY DEMAND

91. That with regard to the allegations contained in the next-to-last paragraph of the Plaintiffs' Complaint, the allegations constitute a legal request to which no response is required.

## *AD DAMNUM*

92. That with regard to the allegations contained in the final paragraph of the Plaintiffs' Complaint that begins with "Wherefore," this Defendant denies that the Plaintiff is entitled to any relief whatsoever.

## DEFENSES

This Defendant, by counsel, raises and asserts the following defenses, which may be proven at trial to the extent they are supported by factual investigation, discovery, and admissible evidence:

1. That the Plaintiffs have no right of recovery under Virginia law;

2. That the Plaintiffs' Complaint is insufficient to provide notice of the allegations and claims asserted against this Defendant, and that the Plaintiffs' Complaint does not permit this Defendant a fair opportunity to respond;

3. That venue is improper in the Circuit Court for Botetourt County, and that venue should be transferred to the Circuit Court for Floyd County;

4.     That the Plaintiffs have failed to state a claim against this Defendant for gross negligence, as alleged in Count One of the Complaint;

5.     That the Plaintiffs have failed to state a claim against this Defendant for defamation, to the extent such a claim is alleged in Count Two of the Complaint;

6.     That the Plaintiffs have failed to state a claim against this Defendant under 42 U.S.C. § 1983, as alleged in Count Three of the Complaint;

7.     That the Plaintiffs have failed to state a claim against this Defendant for common law conspiracy, to the extent such a claim is alleged in Count Four of the Complaint;

8.     That the Plaintiffs have failed to state a claim against this Defendant for tortious interference with parental or custodian rights and/or wrongful interference with parent-child relationship, as alleged in County Five of the Complaint;

9.     That this Defendant may be protected from liability by the doctrines of sovereign immunity and qualified immunity and by Virginia Code § 8.01-195.3;

10.    That the Plaintiffs may lack standing to pursue this action;

11.    That the Plaintiffs' action is barred by the statute of limitations;

12.    That the Plaintiffs have no right of action under Virginia Code §§ 63.2-100, 63.2-901.1, and 63.2-904;

13.    That the Plaintiffs have no right of action under 22 Va. Admin. Code §§ 40-131-90, 40-131-180, 40-131-230, and 40-131-320;

14.    That this Defendant relies upon the defenses of truth, justification, and privilege to the extent a defamation claim is asserted against it;

22

15.     That this Defendant relies upon the defense of justification with respect to the Plaintiffs' claim for tortious interference with parental rights;

16.     That the Plaintiffs have failed to state a claim against this Defendant for punitive damages;

17.     That the relief requested in the Plaintiffs' Complaint exceeds the applicable statutory limitation on punitive damages contained in Virginia Code § 8.01-38.1;

18.     That this Defendant did not proximately cause any of the injuries and damages complained of;

19.     That any alleged injuries or damages to the Plaintiff were not caused by any act or omission on the part of the Defendant, its agents, employees, or servants;

20.     That the injuries and damages claimed by the Plaintiff were caused by actions or inactions of individuals over whom the Defendant has no control or right to control;

21.     That the Plaintiffs failed to mitigate their damages;

22.     That this Defendant reserves the right to amend, alter, or expand its affirmative defenses up to and during trial.

**WHEREFORE,** First Home Care, by counsel, respectfully requests that this Honorable Court enter an Order dismissing with prejudice all claims raised in the Plaintiffs' Complaint.

**FIRST HOME CARE**

By: _____
                **Counsel**

23

Neal H. Lewis, Esq. (VSB No. 73142)
Brandy Burnette Balding, Esq. (VSB No. 89977)
Hancock, Daniel & Johnson, PC
208 Sunset Drive, Suite 354
Johnson City, TN 37604
P: 423.794.4000
F: 423.232.7150
nlewis@hancockdaniel.com
bbalding@hancockdaniel.com
*Counsel for First Home Care*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of August 2018, a copy of the foregoing was

sent via U.S. Mail to:

Patrick Michael McGraw, Esq.
McGraw Law, P.C.
The La Premiere Building
2727 Electric Road, Suite 207
Roanoke, VA 24018
P: 540.904.5704
F: 540.904.5709
patmcgrawlaw@gmail.com
*Counsel for Plaintiffs*

1429.0200 / 992661

**VIRGINIA:**

### IN THE CIRCUIT COURT FOR THE COUNTY OF BOTETOURT

| | | |
|---|---|---|
| KATRINA ANNE GRAVELY | ) | |
| and | ) | |
| LUTHER DEAN GRAVELY, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No.: CL18000269-00 |
| JANE DOE #1, | ) | |
| JOHN DOE #1, | ) | |
| JANE DOE #2, | ) | |
| JOHN DOE #2, | ) | |
| FLOYD COUNTY DEPARTMENT OF SOCIAL SERVICES, | ) | |
| TRACY BREWSTER, | ) | |
| DAVID HOPE, | ) | |
| FIRST HOME CARE, | ) | |
| DEPAUL FAMILY SERVICES, | ) | |
| COURT APPOINTED SPECIAL ADVOCATES OF THE NEW RIVER VALLEY (CASA OF THE NRV), | ) | |
| Defendants. | ) | |

CLERK'S OFFICE  2:30 PM
BOTETOURT COUNTY CIRCUIT COURT

TESTE:    AUG 0 3 2018

TOMMY L. MOORE, CLERK

D.C.

### DEMURRER

COMES NOW the Defendant, Court Appointed Special Advocates of the New River Valley ("CASA"), by counsel, pursuant to Virginia Code section 8.01-273, and demurs to the Plaintiffs' Complaint on the following grounds:

1.    The Plaintiffs' Complaint alleges various wrongdoings and oversights associated with custody proceedings surrounding their son, Jaxon Gravely.  The Plaintiffs have named a number of entities and individuals as defendants and assert five counts or causes of action.

2.    According to the Complaint, Plaintiffs only assert one cause of action against CASA for Wrongful Interference with Parent-Child Relationship/Tortious Interference with Custodial Rights.  See Complaint, Count V; see generally Complaint.

3.    The elements of a cause of action for tortious interference with custodial rights are as follows:

    A.    The complaining parent has a right to establish or maintain a parental or custodial relationship with his/her minor child;

    B.    A party outside of the relationship between the complaining parent and his/her child intentionally interfered with the complaining parent's parental or custodial relationship with her/her child by removing or detaining the child from returning to the complaining parent, without that parent's consent, or by otherwise preventing the complaining parent from exercising his/her parental or custodial rights;

    C.    The outside party's intentional interference caused harm to the complaining parent's parental or custodial relationship with his/her child; and

    D.    Damages resulted from such interference.

Wyatt v. McDermott, 283 Va. 685, 699 (2012).

4.    Plaintiffs' Complaint fails to allege that the plaintiffs had a right to a parental relationship to Jaxon Gravely prior to any involvement by CASA in these matters.  As such, the Plaintiffs' Complaint fails to plead the first element of a cause of action for tortious interference with custodial rights.

5.      Plaintiffs' Complaint fails to describe CASA[1]'s role or position in the proceedings or events.  However, Plaintiffs' Complaint does make clear that the Floyd County Department of Social Services was the entity which took custody of Jaxon Gravely from the Plaintiffs.  See Complaint ¶¶ 11-37.  As such, Plaintiffs' Complaint makes no allegation of fact that CASA removed or detained Jaxon Gravely from his parents, or itself prevented the Plaintiffs from exercising their parental rights.  As such, the Plaintiff's Complaint fails to plead the second element of a cause of action for tortious interference with custodial rights.

6.      In addition, although Count V of the Complaint nominally alleges that CASA tortiously interfered with the Plaintiffs' custodial rights, there is no allegation of fact or wrongdoing as to CASA within that actual Count.  See Complaint, Count V.

7.      To the extent that Plaintiffs base their claims against CASA on factual allegations contained within other Counts in the Complaint, those allegations are as follows:

> A.      That CASA stated to the Floyd County Juvenile and Domestic Relations Court that Plaintiff Katrina Gravely was in possession of illegal drugs (See Complaint ¶¶ 64(b), 82(b)); and
>
> B.      That CASA changed the findings of its case worker in initial reports favorable to the Plaintiff to "harsh and negative conclusions" in a subsequent report submitted to the Floyd County Juvenile and Domestic Relations Court.  See Complaint ¶ 82(u).

8.      Although Plaintiffs make the above allegations of fact, they do not allege any cause of action against CASA for such allegations.  See Complaint, Counts II and IV.

9.      In any event, such statements are absolutely privileged because they were made in connection with judicial proceedings pending before the Floyd County Juvenile and Domestic Relations Court.  Massey v. Jones, 182 Va. 200 (1944).  Moreover, "harsh and negative

---

[1] CASA is a non-profit volunteer organization which trains and provides guardians *ad litem* for children involved in Juvenile and Domestic Relations Court proceedings.

conclusions" are statements of opinion for which no cause of action may lie.  Fuste v. Riverside

Healthcare Ass'n, 265 Va. 127 (2003).

      10.    Moreover, as made clear by the Complaint, CASA's actions are protected by

quasi-judicial immunity.  Harlow v. Clatterbuck, 230 Va. 490 (1986).

      WHEREFORE, for the foregoing reasons, defendant Court Appointed Special Advocates

of the New River Valley, by counsel, asks this Court to dismiss the Plaintiffs' claims against it

with prejudice, awarding it all attorneys' fees, costs, and expenses incurred herein.

                          **COURT APPOINTED SPECIAL
ADVOCATES OF THE NEW RIVER
VALLEY**

                          By Counsel

Stanley P. Wellman (VSB No. 27618)
Dannel C. Duddy (VSB No. 72906)
Harman, Claytor, Corrigan & Wellman
P. O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
swellman@hccw.com
dduddy@hccw.com

# C E R T I F I C A T E

I hereby certify that a true copy of the foregoing Demurrer was emailed and regular mailed this 7th day of August, 2018 to Patrick Michael McGraw, McGraw Law, P.C., 2727 Electric Road, Suite 207, Roanoke, Virginia 24018, Katherine C. Londos, Frith, Anderson & Peake, PC, P. O. Box 1240, Roanoke, Virginia 24006, and Joshua R. Treece, Woods Rogers PLC, 10 South Jefferson Street, Suite 1400, Roanoke, Virginia 24011.

_____

Stanley P. Wellman

5

**VIRGINIA:**

## IN THE CIRCUIT COURT FOR THE COUNTY OF BOTETOURT

| | | |
|---|---|---|
| KATRINA ANNE GRAVELY | ) | |
| | ) | |
| and | ) | |
| | ) | |
| LUTHER DEAN GRAVELY, | ) | |
| | ) | |
|    Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CL18000269-00 |
| | ) | |
| JANE DOE #1, | ) | |
| | ) | |
| JOHN DOE #1, | ) | |
| | ) | |
| JANE DOE #2, | ) | |
| | ) | |
| JOHN DOE #2, | ) | |
| | ) | |
| FLOYD COUNTY DEPARTMENT OF | ) | |
| SOCIAL SERVICES, | ) | |
| | ) | |
| TRACY BREWSTER, | ) | |
| | ) | |
| DAVID HOPE, | ) | |
| | ) | |
| FIRST HOME CARE, | ) | |
| | ) | |
| DEPAUL FAMILY SERVICES, | ) | |
| | ) | |
| COURT APPOINTED SPECIAL | ) | |
| ADVOCATES OF THE NEW RIVER | ) | |
| VALLEY (CASA OF THE NRV), | ) | |
| | ) | |
|    Defendants. | ) | |

### OBJECTION TO VENUE

COMES NOW the Defendant, Court Appointed Special Advocates of the New River Valley ("CASA"), by counsel, pursuant to Virginia Code sections 8.01-262 and 264, and objects to venue in the Circuit Court for the County of Botetourt, Virginia, on the following grounds:

1.      Plaintiffs' Complaint names ten defendants in this action.  Of the ten defendants, only John Doe # 2 and Jane Doe # 2 are alleged to be residents of Botetourt County, Virginia. See Complaint ¶¶ 3-10.  John Doe # 1 and Jane Doe # 1 may or may not be residents of Botetourt County, Virginia.  See Complaint ¶ 4.

2.      "John Doe" defendants are legal fictions which, outside of the uninsured motorist context set forth in Virginia Code section 38.2-2206(E), are not authorized or permitted under Virginia law.  As such, John and Jane Does cannot themselves have residence or be considered for venue purposes, to the extent they can be considered to exist at all.

3.      Plaintiffs' Complaint alleges that Jaxson Gravely, "upon information and belief", is located within Botetourt County, as are his medical providers and a majority of his contacts and interested people in his life.  See Complaint ¶ 3.  However, Plaintiffs are proceeding in their own names and thus cannot recover for injuries or events affecting Jaxson Gravely.  As such, Jaxson Gravely's residence, the residence of his medical providers, and the residence of his contacts and interested people are wholly irrelevant to the Plaintiffs' causes of action.

4.      The Plaintiffs' causes of action arise in connection with events that occurred within Floyd County, Virginia, not Botetourt County, Virginia.  See generally Complaint.

3.      Defendant Floyd County Department of Social Services ("FCDSS") is located in Floyd County, Virginia.   The residence of individuals employed by FCDSS, namely Tracy Brewster and David Hope, is not set forth in the Complaint; however, they clearly work in Floyd County, Virginia.

4.      CASA is unable to determine, either from the Complaint or from the Virginia State Corporation Commission, the residence of First Home Care.  The Complaint alleges that First Home Care regularly performs business in Botetourt County, Virginia, but there is no

practical nexus between Botetourt County and this action as required by Virginia Code section 8.01-262(3) (see ¶ 3, above).

5.      DePaul Community Resources, improperly named in the Complaint as DePaul Family Services, is located in Roanoke, Virginia. Although the Complaint alleges that DePaul Community Resources regularly performs business in Botetourt County, Virginia, but there is no practical nexus between Botetourt County and this action as required by Virginia Code section 8.01-262(3) (see ¶ 3, above).

6.      CASA is located in Christiansburg, Montgomery County, Virginia. Although CASA does regularly conduct business within Botetourt County, Virginia, there is no practical nexus between Botetourt County and this action as required by Virginia Code section 8.01-262(3) (see ¶ 3, above). Plaintiff alleges that CASA has performed "acts and omissions germane herein" in Botetourt County, Virginia (see Complaint ¶ 10), but the only acts set forth in the Complaint with respect to CASA are acts in connection with judicial proceedings in Floyd County, Virginia. See Complaint ¶¶ 64(b), 82(b), 82(u). The Plaintiff has alleged no acts which took place within Botetourt County, Virginia.

7.      Plaintiff has failed to establish any proper basis for venue in Botetourt County, Virginia. Venue is proper in Floyd County, Virginia, pursuant to Virginia Code section 8.01-262.

WHEREFORE, the Defendant, Court Appointed Special Advocates of the New River Valley, by counsel, objects to venue in the Circuit Court for the County of Botetourt, Virginia, and asks the Court to transfer this matter to the Circuit Court for the County of Floyd, Virginia.

COURT APPOINTED SPECIAL
ADVOCATES OF THE NEW RIVER
VALLEY

By Counsel

_____
Stanley P. Wellman (VSB No. 27618)
Dannel C. Duddy (VSB No. 72906)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
swellman@hccw.com
dduddy@hccw.com

## C E R T I F I C A T E

I hereby certify that a true copy of the foregoing Objection to Venue was emailed and regular mailed this 7th day of August, 2018 to Patrick Michael McGraw, McGraw Law, P.C., 2727 Electric Road, Suite 207, Roanoke, Virginia  24018, Katherine C. Londos, Frith, Anderson & Peake, PC, P. O. Box 1240, Roanoke, Virginia  24006, and Joshua R. Treece, Woods Rogers PLC, 10 South Jefferson Street, Suite 1400, Roanoke, Virginia  24011.

_____
Stanley P. Wellman

**PROOF OF SERVICE**

COMMONWEALTH OF VIRGINIA
Rule 3:6

Case No. ........ CL18000269-00 ..................................

Service No. ....................................................... (Clerk's use only)

........................................ BOTETOURT COUNTY CIRCUIT COURT ........................ Circuit Court

.......................... 1 WEST MAIN STREET SUITE 120 PO BOX 219, FINCASTLE, VA 24090 .........................
ADDRESS OF COURT

.......... KATRINA ANNE GRAVELY, ET AL .......... v. .............. JANE DOE, ET AL ..............

Service on: ABS LINCS VA INC D/B/A FIRST HOME CARE .................................................

C/O REG AGENT: CORPORATION SERVICE COMPANY .................................................

100 SHOCKOE SLIP, 2ND FL, RICHMOND, VA 23219  CITY OR COUNTY

Return shall be made hereon, showing service of the following:

[X] Summons issued on: ........................  JULY 12, 2018
                                                 DATE

[ ] Order dated ...........................................................................................

[ ] ...........................................................................................

with a copy of the following documents filed on ..................  APRIL 17, 2018 ................ attached:
                                                                    DATE
COMPLAINT ................................................. F I L E D ....... 11:45am ........
............................................. IN THE CLERK'S OFFICE .......... TIME
............................................. BOTETOURT COUNTY CIRCUIT COURT ..........

............................................. TESTE: AUG 0 9 2018 ..........

............................................. TOMMY L. MOORE, CLERK
                                             Catherine R. Nack  D.C.

---

**RETURN OF SERVICE**

[✓] Personal Service      [ ] Being unable to make personal service, a copy was delivered in the following manner:

[ ] Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above:
...........................................................................................

[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

[ ] Served on Secretary of the Commonwealth.

[ ] Served on the Clerk of the State Corporation Commission pursuant to Virginia Code § 8.01-513.

[✓] Served on registered agent of the corporation. List name and title: ..................................
........................... **Affidavit Attached** ...........................

[ ] By substituted service on the registered agent pursuant to Virginia Code § 8.01-299(3)

[ ] Served on the Commissioner of the Department of Motor Vehicles.
FOR GARNISHMENT OF FEDERAL WAGES ONLY:

[ ] Pursuant to 5 U.S.C. § 5520a, service by certified or registered mail, return receipt requested.

| [ ] not found | Antionette V. Irving |
| | ........................................, Sheriff |
| Date: 20 JULY 2018 | by C.P.L W'D. Hutchinson ..............., Deputy Sheriff |
| | RICHMOND CITY |
| | CITY OR COUNTY |

FORM CC-1405 MASTER 07/16

# CERTIFICATE
## OF
### CORPORATION SERVICE COMPANY

**THIS CERTIFICATE MADE** pursuant to Subsection 2(b) of Section 13.1-634, Subsection 2(b) of Section 13.1-763, Subsection 2(b) of Section 13.1-1015 and Subsection 3(b) Section 50-73.4 of the Virginia Code.

**CORPORATION SERVICE COMPANY,** a corporation authorized to do business in the Commonwealth of Virginia, does hereby certify that:

1. It is incorporated under the Laws of the State of Delaware and was authorized to do business in Virginia on June 1, 2001.

2. (a)  Effective January 1, 2018 it maintains a business office in the Commonwealth of Virginia at 100 Shockoe Slip, 2nd Floor, Richmond, VA 23219.

   (b)  Service of process may be made at such business office in the City of Richmond upon corporations, limited liability companies, partnerships trusts and other entities, associations and persons which have designated it as agent for service of process.

   (c)  The names of the individuals authorized to receive process served upon Corporation Service Company as the agent for service of process of any corporation, limited liability company, partnership, trust and other entities, associations and person which have designated it as such agent are:

Beverley L. Crump                Rene Nordquist
Linda B. Liles                   Dustin Kline
Donna Creekmore

**WHEREFORE,** Corporation Service Company has caused its corporate name to be hereunto subscribed this _18_ day of December 2017.

CORPORATION SERVICE COMPANY

By: _____
          George A. Massih III, Vice President

The foregoing instrument was acknowledged before me this _18_ day of December 2017 by George A. Massih III

_Janet B Woznuk_
Notary Public

My Commission Expires  _6-16 2020_

VIRGINIA:

IN THE CIRCUIT COURT FOR BOTETOURT COUNTY

KATRINA ANNE GRAVELY and )
LUTHER DEAN GRAVELY, )
)
    Plaintiffs, )
)
v. )    Case No. CL18-269
)
JANE AND JOHN DOE #1, et al., )
)
    Defendants. )
)

F I L E D
IN THE CLERK'S OFFICE  11:00 AM TIME
BOTETOURT COUNTY CIRCUIT COURT

TESTE:  AUG 10 2018

TOMMY L. MOORE, CLERK
_____ D.C.

## RESPONSIVE PLEADINGS

    COME NOW the defendants, Floyd County Department of Social Services ("FCDSS"), Tracie Brewster (improperly named as "Tracy Brewster"), and David Hope (collectively "FCDSS Defendants"), by counsel, and file their Responsive Pleadings in response to Plaintiffs' Complaint and Demand for Jury Trial. FCDSS Defendants expressly reserve the right to file briefs in support pursuant to Rule 4:15(c) of Rules of the Supreme Court of Virginia. FCDSS Defendants also reserve the right to amend or supplement these pleadings.

### Motion to Transfer Venue

    Come now the defendants, FCDSS, Tracie Brewster, and David Hope, by counsel, and file a Motion to Transfer Venue pursuant to Va. Code §§ 8.01-264, 8.01-265, and 8.01-267.

    1.    This is not an action listed in Va. Code § 8.01-261, so there is no preferred venue. As such, venue in this matter is subject to Va. Code § 8.01-262.

    2.    Plaintiffs have not identified John and Jane Doe #2 who allegedly reside in Botetourt County. *See* Compl. at ¶ 3. Plaintiffs also have not identified John and Jane Doe #1

1

who are allegedly "perhaps" residents of Botetourt County. *See* Compl. at ¶ 4. These defendants are legal fictions and should not be considered for venue purposes.

3.      Plaintiffs are proceeding in their own names, not in the name of the subject minor. As such, the alleged location of the subject minor is irrelevant, and the location of his medical providers, contacts, and interested people are irrelevant. *See* Compl. at ¶ 3.

4.      Upon information and belief, Plaintiffs reside in Floyd County.

5.      FCDSS Defendants reside in or have their principal place of employment/office in Floyd County.

6.      The Plaintiffs' causes of action arise in connection with events that occurred in Floyd County. *See generally* Compl. The majority of the relevant records, evidence, and witnesses regarding the alleged events are in Floyd County.

7.      There is currently ongoing litigation regarding the subject minor child in the Floyd County courts.

8.      Plaintiffs failed to establish any proper basis for venue in Botetourt County. Venue is proper in Floyd County.

WHEREFORE, FCDSS Defendants move to transfer this matter from Botetourt County Circuit Court to Floyd County Circuit Court, because Floyd County is the most correct, appropriate and convenient forum.


## Motion to Dismiss for Lack of Standing/Res Judicata/Collateral Estoppel

Come now the defendants, FCDSS, Tracie Brewster, and David Hope, by counsel, and move the court to dismiss this matter in its entirety because Plaintiffs do not have standing to bring these claims. Plaintiffs are not the biological parents of the subject minor and have

2

no legal rights regarding the subject minor.  This issue has already been adjudicated by a competent Virginia court.  FCDSS Defendants have additional evidence regarding this motion, which will be submitted at a later time pursuant to Virginia law.

### Motion to Drop Improperly Joined Plaintiff

Come now the defendants, FCDSS, Tracie Brewster, and David Hope, by counsel, and move the court to compel the dropping of a plaintiff on the grounds of misjoinder.  *See* Va. Code § 8.01-5.  Virginia law does not permit the joinder of multiple tort actions by multiple plaintiffs.  *Borgenicht v. Norment*, 75 Va. Cir. 382, 385 (Richmond Cir. Ct. 2008).

### Demurrers

Come now the defendants, FCDSS, Tracie Brewster, and David Hope, by counsel, and file the following demurrers pursuant to Virginia Code § 8.01-273 to the Plaintiffs' Complaint and Demand for Jury Trial:

#### First Demurrer

Plaintiffs' Complaint does not state a cause of action for gross negligence and fails to state facts upon which the relief demanded can be granted.  Plaintiffs fail to state a claim for gross negligence because they fail to state any legal duty recognized under Virginia law owed by these FDCSS Defendants to these Plaintiffs.  Additionally, Plaintiffs fail to state a claim for gross negligence because the allegations do not establish deliberate conduct, the absence of slight diligence, or the want of even scant care.  *Elliott v. Carter*, 292 Va. 618, 620 (2016).  Plaintiffs further fail to state a claim for gross negligence because they fail to allege a causally-related injury to their person or to their property.  *See generally Ward v. Ernst & Young*, 246 Va. 317, 324 (1993).  And Plaintiffs' claimed damages for emotional distress are

3

629.0314\KMD
4840-3215-8831 .v1

not recoverable without physical injury or willful and wanton conduct. *See Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 138 (2000); *Jackson v. Pethtel*, 21 Va. Cir. 190, 191 (Westmoreland Cir. Ct. 1990).

## Second Demurrer

Plaintiffs' Complaint does not state a cause of action for defamation and fails to state facts upon which the relief demanded can be granted. Plaintiffs fail to state a claim for defamation because they do not allege the exact defamatory words or phrases used by these FCDSS Defendants. *Federal Land Bank of Balt. v. Birchfield*, 173 Va. 200, 215 (1939). Plaintiffs also fail to state a claim for defamation because the statements alleged are not facts that can be objectively determined to be true or false. *See, e.g., Jordan v. Kollman*, 269 Va. 569, 575-76 (2005). They are statements of opinion. And Plaintiffs fail to state a claim for defamation because the statements alleged are subject to absolute and/or qualified privilege.

## Third Demurrer

Plaintiffs' Complaint does not state a cause of action under 42 U.S.C. § 1983 and fails to state facts upon which the relief demanded can be granted. Plaintiffs fail to state a 42 U.S.C. § 1983 because they fail to allege facts sufficient to establish any constitutional violation. Plaintiffs also fail to state a 42 U.S.C. § 1983 claim against FCDSS because they do not allege that execution of an official government policy inflicted any alleged injury. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 660 (1978). And FCDSS Defendants cannot be subject to 42 U.S.C. § 1983 liability because they are not "persons" within the meaning of the statute. Plaintiffs further fail to state a 42 U.S.C. § 1983 claim because they fail to allege any way in

4

629.0314\KMD
4840-3215-8831 .v1

which they were denied due process.  And FCDSS Defendants are entitled to sovereign immunity, absolute immunity and/or qualified immunity.

## Fourth Demurrer

Plaintiffs' Complaint does not state a cause of action for conspiracy and fails to state facts upon which the relief demanded can be granted.  Plaintiffs fail to allege a conspiracy claim because FCDSS Defendants were employees acting in the scope of their employment with FCDSS, so only a single entity exists – FCDSS.  *See* Compl. at ¶¶ 5-7.  There must be two persons to comprise a conspiracy; a single entity cannot conspire with itself.  *Fox v. Deese*, 234 Va. 412, 428 (1987).

## Fifth Demurrer

Plaintiffs' Complaint does not state a cause of action for tortious interference with parental rights and fails to state facts upon which the relief demanded can be granted.  FCDSS Defendants are also entitled to immunity and/or privilege for a claim of tortious interference with parental rights.  And the allegations support the affirmative defense of justification.  *Wyatt v. McDermott*, 283 Va. 685, 689 (2012).

## Sixth Demurrer

Plaintiffs' Complaint does not state a cause of action for punitive damages and fails to state facts upon which the relief demanded can be granted.  Plaintiffs fail to allege willful and wonton conduct sufficient to seek punitive damages because they fail to establish an actual or constructive consciousness that injury will result from the act alleged.  *See Alfonso v. Robinson*, 257 Va. 540, 545 (1999).  Plaintiffs fail to state a punitive damages claim for deamation because the allegations do not establish actual malice.  Plaintiffs failed to allege facts sufficient to establish intentional conduct for a punitive damages claim regarding

629.0314\KMD
4840-3215-8831 .v1

tortious interference with parental rights.   Plaintiffs cannot recover punitive damages against a governmental entity, such as FCDSS.

Seventh Demurrer

Plaintiffs' Complaint does not state a cause of action and fails to state facts upon which the relief demanded can be granted because FCDSS Defendants are entitled to quasi-judicial immunity, sovereign immunity, absolute immunity, and qualified immunity.

WHEREFORE, FCDSS Defendants respectfully request that this Court enter an order dismissing the plaintiffs' Complaint and granting such other and further relief as it deems just and proper.

**Pleas in Bar**

Come now the defendants, FCDSS, Tracie Brewster, and David Hope, by counsel, and file the following pleas in bar to the Plaintiffs' Complaint and Demand for Jury Trial:

1.     Plaintiffs do not have standing to bring these claims because they have no legal rights regarding the subject minor.

2.     FCDSS Defendants are entitled to quasi-judicial immunity, sovereign immunity, absolute immunity, and qualified immunity.

3.     Any statements actually made by FCDSS Defendants are subject to absolute privilege and/or qualified privilege.

4.     Any statements actually made by FCDSS Defendants were truthful.

5.     FCDSS Defendants are entitled to intra-corporate immunity for the conspiracy claim.

6

6.     FCDSS Defendants are entitled to immunity and/or privilege for the tortious interference with parental rights claim and raise the affirmative defense of justification.

7.     All claims are barred by the applicable statute of limitations.

WHEREFORE, FCDSS Defendants respectfully request that this Court enter an order dismissing the plaintiffs' Complaint and granting such other and further relief as it deems just and proper.

## Answer

Come now the defendants, FCDSS, Tracie Brewster, and David Hope, by counsel, and file the following Answer to the Plaintiffs' Complaint and Demand for Jury Trial:

1.     FCDSS Defendants deny that Katrina Gravely is the mother of the subject minor child. FCDSS Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 1. Therefore, they are denied.

2.     FCDSS Defendants deny that Luther Gravely is the father of the subject minor child. FCDSS Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 2. Therefore, they are denied.

3.     FCDSS Defendants deny that the subject minor child is "Plaintiffs' son" or "Plaintiffs' minor child." FCDSS Defendants further deny that this jurisdictional district is the most correct, appropriate and convenient forum. The remaining allegations in Paragraph 3 are not directed to these FCDSS Defendants, and therefore require no response.

4.     FCDSS Defendants deny that the subject minor child is "Plaintiffs' son." The remaining allegations in Paragraph 4 are not directed to these FCDSS Defendants, and therefore require no response.

7

629.0314\KMD
4840-3215-8831 .v1

5.      It is admitted that Defendants Brewster and Hope are employed by FCDSS.  All remaining allegations in Paragraph 5 are denied.

6.      FCDSS Defendants admit the factual allegations in Paragraph 6, but deny the legal conclusion that Brewster was "acting under the color of state law."

7.      FCDSS Defendants admit the factual allegations in Paragraph 7, but deny the legal conclusion that Hope was "acting under the color of state law."

8.      The allegations in Paragraph 8 are not directed to these FCDSS Defendants, and therefore require no response.

9.      The allegations in Paragraph 9 are not directed to these FCDSS Defendants, and therefore require no response.

10.     The allegations in Paragraph 10 are not directed to these FCDSS Defendants, and therefore require no response.

11.     It is admitted that FCDSS contacted Plaintiffs in 2016 regarding the subject minor child.  FCDSS Defendants deny that the subject minor child is "Plaintiffs' minor son," and the remaining allegations in Paragraph 11 are denied as written.

12.     FCDSS Defendants deny the allegations in Paragraph 12.

13.     FCDSS Defendants deny the allegations in Paragraph 13.

14.     FCDSS Defendants deny the allegations in Paragraph 14 as written.

15.     FCDSS Defendants admit only that the subject minor was removed from Plaintiffs.  The remaining allegations in Paragraph 15 are denied.

16.     The allegations in Paragraph 16 are denied, and it is denied that the subject minor was removed for the reason alleged.

8

629.0314\KMD
4840-3215-8831 .v1

17.     The allegations in Paragraph 17 are denied, and it is denied that the subject minor was removed for the reason alleged. It is specifically denied that Plaintiffs have any legal rights to the subject minor.

18.     The allegations and legal conclusions in Paragraph 18 are denied, and it is denied that the subject minor was removed for the reason alleged.

19.     Because John and Jane Doe #1 are not identified, FCDSS Defendants are without sufficient information to admit or deny the allegations in Paragraph 19. They are therefore denied.

20.     The allegations and legal conclusions in Paragraph 20, including subparts (a.), (b.), (c.), (d.), and (e.), are denied.

21.     The allegations and legal conclusions in Paragraph 21 are denied.

22.     The allegations and legal conclusions in Paragraph 22 are denied.

23.     The allegations and legal conclusions in Paragraph 23 are denied.

24.     The allegations and legal conclusions in Paragraph 24 are denied.

25.     In response to Paragraph 25, it is admitted only that FCDSS placed the subject minor in the care of the Aldermans on or about May 19, 2016.

26.     The allegations and legal conclusions in Paragraph 26, including subparts (a.), (b.), (c.), (d.), and (e.), are denied.

27.     The allegations and legal conclusions in Paragraph 27 are denied.

28.     The allegations and legal conclusions in Paragraph 28 are denied.

29.     The allegations and legal conclusions in Paragraph 29 are denied.

30.     The allegations and legal conclusions in Paragraph 30 are denied.

31.     The allegations and legal conclusions in Paragraph 31 are denied.

9

32.     Because John and Jane Doe #2 are not identified, FCDSS Defendants are without sufficient information to admit or deny the allegations in Paragraph 32.  They are therefore denied.

33.     The allegations and legal conclusions in Paragraph 33, including subparts (a.), (b.), (c.), (d.), and (e.), are denied.

34.     The allegations and legal conclusions in Paragraph 34 are denied.

35.     The allegations and legal conclusions in Paragraph 35 are denied.

36.     The allegations and legal conclusions in Paragraph 36 are denied.

37.     The allegations and legal conclusions in Paragraph 37, including subparts (a.), (b.), (c.), (d.), (e.), (f.), (g.), (h.), (i.), and (j.), are denied.

38.     The allegations and legal conclusions in Paragraph 38 are denied.

39.     The allegations and legal conclusions in Paragraph 39 are denied.

40.     The allegations and legal conclusions in Paragraph 40, including subparts (a.), (b.), and (c.), are denied.

41.     The allegations and legal conclusions in Paragraph 41 are denied.

42.     The allegations and legal conclusions in Paragraph 42 are denied.

43.     The allegations and legal conclusions in Paragraph 43 are denied.

44.     The allegations and legal conclusions in Paragraph 44 are denied.

45.     The allegations and legal conclusions in Paragraph 45 are denied.

46.     The allegations and legal conclusions in Paragraph 46 are denied.

47.     The allegations and legal conclusions in Paragraph 47 are denied.

48.     The allegations and legal conclusions in Paragraph 48 are denied.

629.0314\KMD
4840-3215-8831 .v1

Count One

49.     In response to Paragraph 49, FCDSS Defendants incorporate by reference their previous responses to Paragraph 1-48.

50.     The allegations in Paragraph 50 are mere allegations of legal conclusions to which a response is not required.  To the extent a response is required, the allegations are denied.

51.     The allegations in Paragraph 51, including subparts (a.), (b.), and (c.), are mere allegations of legal conclusions to which a response is not required.  To the extent a response is required, the allegations are denied.

52.     The allegations in Paragraph 52 are denied.

53.     The allegations in Paragraph 53 are mere allegations of legal conclusions to which a response is not required.  To the extent a response is required, the allegations are denied.

54.     The allegations in Paragraph 54 are mere allegations of legal conclusions to which a response is not required.  To the extent a response is required, the allegations are denied.

55.     The allegations in Paragraph 55, including subparts (a.), (b.), and (c.), are denied.

56.     The allegations and legal conclusions in Paragraph 56, including subparts (a.), (b.), (c.), (d.), (e.), (f.), (g.), (h.), (i.), (j.), (k.), and (l.), are denied.

57.     The allegations and legal conclusions in Paragraph 57 are denied.

58.     The allegations in Paragraph 58 are denied.

59.     The allegations in Paragraph 59 are denied.

11

60.     The allegations in Paragraph 60 are denied.

61.     The allegations in Paragraph 61 are denied.

Count Two

62.     In response to Paragraph 62, FCDSS Defendants incorporate by reference their previous responses to Paragraph 1-61.

63.     The allegations and legal conclusions in Paragraph 63 are denied.

64.     The allegations and legal conclusions in Paragraph 64, including subparts (a.), (b.), (c.), (d.), (e.), (f.), (g.), (h.), and (i.), are denied.

65.     The allegations in Paragraph 65 are denied.

66.     The allegations in Paragraph 66 are denied.

67.     The allegations in Paragraph 67 are denied.

68.     The allegations and legal conclusions in Paragraph 68 are denied.

69.     The allegations and legal conclusions in Paragraph 69 are denied.

70.     The allegations and legal conclusions in Paragraph 70 are denied.

71.     The allegations and legal conclusions in Paragraph 71 are denied.

72.     The allegations in Paragraph 72 are denied.

73.     The allegations in Paragraph 73 are denied.

Count Three

74.     In response to Paragraph 74, FCDSS Defendants incorporate by reference their previous responses to Paragraph 1-73.

75.     The allegations in Paragraph 75 are mere allegations of legal conclusions to which a response is not required.  To the extent a response is required, the allegations are denied.

12

76.     The allegations in Paragraph 76 are mere allegations of legal conclusions to which a response is not required. To the extent a response is required, the allegations are denied.

77.     The allegations and legal conclusion in Paragraph 77, including subparts (a.) and (b)., are denied.

78.     The allegations in Paragraph 78 are denied.

Count Four

79.     In response to Paragraph 79, FCDSS Defendants incorporate by reference their previous responses to Paragraph 1-78.

80.     The allegations and legal conclusions in Paragraph 80 are denied.

81.     The allegations in Paragraph 81, including subparts (a.), (b.), (c.), (d.), (e.), and (f.), are denied.

82.     The allegations in Paragraph 82, including subparts (a.), (b.), (c.), (d.), (e.), (f.), (g.), (h.), (i.), (j.), (k.), (l.), (m.), (n.), (o.), (p.), (q.), (r.), (s.), (t.), (u.), (v.) and (w), are denied.

83.     The allegations in Paragraph 83 are denied.

84.     The allegations in Paragraph 84 are denied.

Count Five

85.     In response to Paragraph 85, FCDSS Defendants incorporate by reference their previous responses to Paragraph 1-84.

86.     FCDSS Defendants deny the allegations in Paragraph 86.

87.     The allegations in Paragraph 87 are denied.

88.     The allegations in Paragraph 88 are denied.

89.     The allegations in Paragraph 89 are denied.

13

629.0314\KMD
4840-3215-8831 .v1

90.     The allegations in Paragraph 90 are denied.

91.     FCDSS Defendants deny that the Plaintiffs were injured and damaged as alleged and call upon the Plaintiffs for strict proof of each and every item of alleged injury and damage.

92.     FCDSS Defendants deny being liable to the plaintiffs for the amount alleged or for any other amount whatsoever.

93.     That all allegations in the Complaint not expressly admitted herein are denied.

Affirmative Defenses

1.      FCDSS Defendants affirmatively assert the defense of contributory negligence, which will bar any recovery for the plaintiff.

2.      FCDSS Defendants affirmatively assert the defense of assumption of the risk, which will bar any recovery for the plaintiff.

3.      FCDSS Defendants affirmative assert that any statements actually made are subject to absolute and/or qualified privilege.

4.      FCDSS Defendants affirmatively assert that any statements actually made are protected by the First Amendment.

5.      FCDSS Defendants affirmatively assert that they are entitled to quasi-judicial immunity, sovereign immunity, absolute immunity, and qualified immunity.

6.      FCDSS Defendants affirmative assert a justification defense.

7.      FCDSS Defendants affirmative assert the defense of intra-corporate immunity.

8.      FCDSS Defendants affirmatively assert that all claims are barred by the applicable statute of limitations.

14

9.    FCDSS Defendants reserve the right to amend this pleading to assert any additional affirmative defenses revealed by the evidence.

10.    FCDSS Defendants demand a trial by jury.

Respectfully submitted,

FLOYD COUNTY DEPARTMENT OF SOCIAL SERVICES, TRACIE BREWSTER, AND DAVID HOPE

By: _____
Of Counsel

Katherine C. Londos (VSB No. 36848)
Nathan H. Schnetzler (VSB No. 86437)
Katherine M. DeCoster (VSB No. 82696)
FRITH ANDERSON + PEAKE, P.C.
29 Franklin Road, S.W.
Post Office Box 1240
Roanoke, Virginia 24006-1240
Phone: 540/772-4600
Fax:    540/772-9167
Email: klondos@faplawfirm.com
Email: nschnetzler@faplawfirm.com
Email: kdecoster@faplawfirm.com
*Counsel for Floyd County Dept.*
*of Social Services, Tracie Brewster, and*
*David Hope*

15

629.0314\KMD
4840-3215-8831 .v1

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of August, 2018, I mailed the foregoing

Responsive Pleadings via Email and U.S. Mail upon:

Patrick M. McGraw, Esq.
McGraw Law, P.C.
2727 Electric Rd.
Suite 207
Roanoke, VA 24018
*Counsel for Plaintiff*

Stanley P. Wellman, Esq.
Harman Claytor Corrigan Wellman
P.O. Box 70280
Richmond, VA 23255
*Counsel for Defendant's*
*Court Appointed Special Advocates*
*of the New River Valley*

Joshua R. Treece, Esq.
Woods Rogers, PLC.
10 South Jefferson Street
Suite 1400
Roanoke, VA 24011
*Counsel for DePaul Family Services*

Of Counsel

629.0314\KMD
4840-3215-8831 .v1

**VIRGINIA:**

## IN THE CIRCUIT COURT FOR THE COUNTY OF BOTETOURT

| | |
|---|---|
| KATRINA ANNE GRAVELY and<br>LUTHER DEAN GRAVELY,<br><br>    *Plaintiffs*,<br><br>v.<br><br>JANE DOE #1, JOHN DOE #1, JANE DOE #2<br>JOHN DOE #2, FLOYD COUNTY<br>DEPARTMENT OF SOCIAL SERVICES,<br>TRACY BREWSTER, DAVID HOPE,<br>FIRST HOME CARE, DEPAUL FAMILY<br>SERVICES, and COURT APPOINTED<br>SPECIAL ADVOCATES OF THE NEW<br>RIVER VALLEY (CASA OF THE NRV)<br><br>    *Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CL18000269-00<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

FILED
BOTETOURT CO. CLERK'S OFFICE 12:45 TIME
BOTETOURT CO. BY CIRCUIT COURT
TESTE  AUG 1 0 2018
TOMMY L. MOORE, CLERK
_____ D.C.

## DEMURRER OF DEFENDANT DEPAUL COMMUNITY RESOURCES[1]

Defendant DePaul Community Resources ("DePaul"), by counsel, hereby demurs to the Complaint filed by plaintiffs Katrina Anne Gravely and Luther Dean Gravely ("Plaintiffs") pursuant to Virginia Code § 8.01-273 and states that the Complaint is insufficient to state a claim for relief against DePaul because:

1.    No cause of action is stated against DePaul.

    (a)    Paragraph 12 of Plaintiffs' Complaint defines "FCDSS Defendants," and "FCDSS Defendants" does not include DePaul. Compl. at ¶ 12 (defining "FCDSS Defendants" to include *only* the Floyd County Department of Social Services ("FCDSS") and FCDSS employees Tracey Brewster and David Hope); *cf.* Compl. at ¶ 19 (defining "Defendant DePaul Family Services" as "DePaul").

---

[1] Although Plaintiffs mistakenly identify DePaul Community Resources as "DePaul Family Services," the proper legal entity is DePaul Community Resources.

(b)    Count 1 (Gross Negligence), Count 2 (Defamation), Count 3 (42 USC 1983), and Count 5 (Wrongful Interference with Parent-Child Relationship/Tortious Interference with Custodial Rights) do not make *any* substantive allegations against DePaul. *See generally,* Compl. at Counts 1-3 & 5 (making allegations only against the "FCDSS Defendants").

(c)    Count 1, for example, does not allege that DePaul owed a duty to Plaintiffs, it does not allege that DePaul was negligent, grossly negligent or reckless in breaching any duty owed to Plaintiffs, and it does not allege that DePaul caused Plaintiffs any damages. *Id.* at ¶¶ 49-61.  Count 2 does not allege any defamatory statement made by DePaul, and it does not allege that DePaul caused Plaintiffs any damages. *Id.* at ¶¶ 62-73.  Count 3 does not allege that DePaul deprived Plaintiffs of any constitutional right or caused any damages. *Id.* at ¶¶ 74-78.  Count 5 does not allege that DePaul took custody of the child, it does not allege that DePaul interfered with any relationship or custodial rights, and it does not allege that DePaul caused any damages to Plaintiffs. *Id.* at ¶¶ 85-90.

(d)    Although Count 4 (Common Law Conspiracy) does allege in Paragraph 82(f) that "FCDSS Defendants, Jane and John Doe #s 1 and 2, Home First and DePaul, in some [(unspecified)] combination, repeatedly [took] Jaxon to receive clinical or medical treatments immediately before each court date to further cast your Plaintiffs in a false and negative light," Count 4 does not identify DePaul as a defendant, it does not allege an agreement by DePaul and any specific defendant, it does not allege any agreement by DePaul and another party to accomplish an unlawful purpose or a lawful purpose by unlawful means, it does not allege when and how any such agreement would have been entered, and it does not allege that DePaul caused any damages to Plaintiffs. *See Glass v. Glass*, 228 Va. 39, 47, 321 S.E.2d 69, 74 (1984) ("A civil conspiracy is a combination of two or more persons to accomplish an unlawful purpose or to accomplish a lawful

purpose by unlawful means, resulting in damage to the plaintiff."); *Tysons Toyota, Inc. v. Commonwealth Life Ins.*, 20 Va. Cir. 399, 401 (Cir. Ct. 1990) (sustaining demurrer to conspiracy counts because the complaint "fail[ed] to allege any facts showing when or how any defendants entered the same conspiracy").

      2.      Plaintiffs' Complaint fails to clearly inform DePaul of the true nature of Plaintiffs claim(s), if any, against DePaul as required by Virginia Supreme Court Rule 1:4(d), and fails to make any allegations of fact against DePaul as required to state a claim.

      (a)      "Each defendant is entitled to know exactly what claim is being made against him or her as well as the exact nature of such claim." *Carter v. Wyczalkowski*, 79 Va. Cir. 599, 600 (Cir. Ct. 2009). Claims "must be based on facts, not upon 'information and belief' nor upon hopes and hunches." 1-6 Bryson on Virginia Civil Procedure § 6.02[4][a] (2017); *Newman v. Freeman Homes, Inc.,* 89 Va. Cir. 377, 381 (Cir. Ct. 2014). Indeed "the demurrer statute [Virginia Code § 8.01-273] requires fact and issue pleading; mere notice pleading is not sufficient." 1-6 Bryson on Virginia Civil Procedure § 6.02[4][a] (2017).

      (b)      With the exception of Paragraph 9, which merely describes DePaul (and makes a bald, unsupported legal conclusion that DePaul was "acting under the color of state law") no factual allegation is asserted against DePaul; rather, all allegations of wrongdoing are conclusory, based on "information and belief," and asserted against multiple defendants. *See, e.g.,* Compl. at ¶¶ 19, 20, 25, 26, 32 (making allegations based *only* on "information and belief" against multiple defendants, including DePaul); *cf.* Compl. at ¶ 27 (incorporating "information and belief" allegations against "the FCDSS Defendants and/or DePaul"); Compl. at ¶ 38 (asserting a conclusory allegation against all defendants); Compl. at ¶ 82(f) (making a conclusory allegation that multiple defendants, including DePaul, "in some [(unspecified)] combination, repeatedly

[took] Jaxon to receive clinical or medical treatments immediately before each court date to further cast your Plaintiffs in a false and negative light.").

(c)     Plaintiffs' "information and belief" allegations are insufficient to state factual allegations that support a claim against DePaul. *See, e.g., Newman*, 89 Va. Cir. at 381 (sustaining demurrer to claim founded on numerous "information and belief" allegations because "Rule 1:4(d) requires a party to state the 'facts,' not the hopes and hunches, on which he relies."); 1-6 Bryson on Virginia Civil Procedure § 6.02[4][a] (2017).

(d)     Further, Plaintiffs' undifferentiated allegations against multiple defendants, including DePaul, fail to separate and identify the alleged wrongful conduct of each defendant and are insufficient to support a claim.  *See, e.g., Bush v. Serco, Inc.*, 92 Va. Cir. 164, 167 (Cir. Ct. 2015) (sustaining demurrer to negligence claim that "fail[ed] to identify which named defendant committed each alleged act of negligence set forth in subparagraphs [that were asserted against multiple defendants]"); *Carter*, 79 Va. Cir. at 600 (sustaining demurrers and stating "[t]aken as a whole, no defendant can be reasonably assured as to which claim, or the nature of it, applies to him or her.")

3.     To the extent Plaintiffs attempt to assert a claim against DePaul for deprivation of constitutional rights under 42 U.S.C. § 1983, any such claim must fail because DePaul, as a private, non-profit, human services organization and foster child placement agency, cannot be considered a state actor, acting under the color of state law.

(a)     A defendant acts under color of state law when it "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49, 108 S.Ct. 2250, 101 L. Ed. 2d 40 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L. Ed. 1368 (1941)). "Only

in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1988); *Edmond v. Maher*, 2007 U.S. Dist. LEXIS 97425, at *7-8 (D. Md. 2007) ("When addressing whether a private party acted under color of law, a court starts with the presumption that private conduct does not constitute governmental action.") (citing *Harvey*, 949 F.2d at 1130). The "mere fact that a business is subject to state regulation does not by itself convert its action into that of the State." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351, 95 S.Ct. 449, 453, 42 L. Ed. 2d 477 (1974) (internal citations omitted).

        (b)    "In the foster care process, powers amounting to state action rest with others, not [with a private, nonprofit foster family agency]." *Martinez v. Cty. of Kern*, 2007 U.S. Dist. LEXIS 30150, at *21 (E.D. Cal. 2007). Indeed, the Fourth Circuit has recognized, "[t]he care of foster children is not traditionally the exclusive prerogative of the State." *Milburn v. Anne Arundel Cty. Dep't of Soc. Servs.*, 871 F.2d 474, 479 (4th Cir. 1989); *see Phelan v. Torres*, 2011 U.S. Dist. LEXIS 153488, at *32-34 n.6 (E.D.N.Y. 2011) ("The First, Third, and Fourth Circuits have similarly observed that 'child care and placement is not traditionally the exclusive prerogative of the state.' Scholars have also observed that, '[u]niquely, foster care had originally been provided by private agencies with public agencies later joining as partners. It was always a "privatized" system, never an exclusively public one.'") (internal citations omitted); *Hall v. Smith*, 497 F. App'x 366, 376 (5th Cir. 2012) (affirming dismissal of § 1983 claim against a private child placement agency and affirming the district court's conclusion that any amendment would be futile because "[a]s the district court astutely observed, it is the deviation from Lutheran's requirements as a child-placing agency that forms the basis for Hall's allegations, not the compliance with all applicable [state] requirements that likely arise under the contract [with the state]"); *cf. Johnson v.*

*Rodrigues*, 293 F.3d 1196, 1203 (10th Cir. 2002) ("Appellees respond that the adoption center and the adoptive parents cannot be considered state actors under any test. We agree.").

4.      Even if DePaul could be considered a state actor for purposes of 42 U.S.C. § 1983, Plaintiffs fail to allege that DePaul caused a deprivation of Plaintiffs' constitutional rights through an official policy or custom, as required to state a § 1983 claim against DePaul. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

5.      Plaintiffs' Complaint likewise fails to allege any claim against or damages caused by DePaul because Plaintiffs fail to allege they had or were entitled to establish parental or custodial rights with respect to the child at the time DePaul was involved in conduct relating to the child.

6.      Plaintiffs fail to state a claim for any alleged injuries or harm to the child, and cannot recover damages based on any alleged injuries or harm to the child. *See, e.g.,* Va. Code § 8.01-8.

7.      To the extent Plaintiffs seek to assert any claim based on the allegation involving DePaul in Paragraph 82(f), which alleges conduct in connection with court appearances, DePaul's conduct and statements are absolutely privileged. *See, e.g., Penick v. Ratcliffe*, 149 Va. 618, 627-28, 140 S.E. 664, 667 (1927) ("Generally the privilege of judicial proceedings is not restricted to trials …. The rule is broad and comprehensive, including within its scope all proceedings of a judicial nature whether pending in some court of justice, or before a tribunal or officer clothed with judicial or quasi judicial powers."); *Smith v. Rossini*, 49 Va. Cir. 194, 200 (Cir. Ct. 1999) (finding statements by a private individual to a Commonwealth Attorney that were related to an investigation connected with a judicial proceeding were absolutely privileged and stating:

"Virginia case law continues to favor absolute immunity in quasi-judicial proceedings where the issue concerned has some relation to the proceeding.").

WHEREFORE, for the foregoing reasons, defendant DePaul Community Resources moves this Court for an Order dismissing Plaintiffs' Complaint against DePaul with prejudice, awarding DePaul its attorneys' fees, costs and expenses incurred, and granting all such other and further relief as the Court deems just and proper.

Date: August 9, 2018                          Respectfully submitted,


                                              DEPAUL COMMUNITY RESOURCES


                                              By: _____
                                                              Of Counsel

Joshua R. Treece (VSB #79149)
WOODS ROGERS PLC
10 S. Jefferson Street, Suite 1400
P.O. Box 14125
Roanoke, Virginia 24011
Telephone: (540) 983-7600
Facsimile: (540) 983-7711
jtreece@woodsrogers.com

        *Counsel for Defendant DePaul Community Resources*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of August, 2018, a true and accurate copy of the foregoing was sent via U.S. Mail and email to the following:

Patrick Michael McGraw (VSB #68425)
patmcgrawlaw@gmail.com
McGRAW LAW, P.C.
The La Premiere Building
2727 Electric Road, Suite 207
Roanoke, VA 24018

*Counsel for Plaintiffs*

Katherine C. Londos
klondos@faplawfirm.com
FRITH, ANDERSON & PEAKE, PC
P.O. Box 1240
Roanoke, VA 24006

*Counsel for Floyd County Department of Social Services*

Stanley P. Wellman (VSB #27618)
swellman@hccw.com
Dannel C. Duddy (VSB # 72906)
dduddy@hccw.com
HARMAN, CLAYTOR, CORRIGAN & WELLMAN
P.O. Box 70280
Richmond, VA 23255

*Counsel for Court Appointed Special Advocates of the New River Valley*

**VIRGINIA:**

### IN THE CIRCUIT COURT FOR THE COUNTY OF BOTETOURT

KATRINA ANNE GRAVELY and )
LUTHER DEAN GRAVELY, )
                                     )
     *Plaintiffs,* )
                                       )
v. )          Case No. CL18000269-00
                                       )
JANE DOE #1, JOHN DOE #1, JANE DOE #2 )
JOHN DOE #2, FLOYD COUNTY )
DEPARTMENT OF SOCIAL SERVICES, )
TRACY BREWSTER, DAVID HOPE, )
FIRST HOME CARE, DEPAUL FAMILY )
SERVICES, and COURT APPOINTED )
SPECIAL ADVOCATES OF THE NEW )
RIVER VALLEY (CASA OF THE NRV) )
                                       )
     *Defendants.* )

### OBJECTION TO VENUE BY DEFENDANT DEPAUL COMMUNITY RESOURCES[1]

    Defendant DePaul Community Resources ("DePaul"), by counsel, pursuant to Virginia Code §§ 8.01-262 and -264 hereby objects to venue in the Circuit Court for the County of Botetourt, Virginia and states as follows:

    1.     On or about August 7, 2018, Defendant Court Appointed Special Advocates of the New River Valley ("CASA") served its Objection to Venue in the above-captioned action.

    2.     DePaul hereby joins CASA's Objection to Venue and adopts and asserts the grounds stated therein, by reference.

F I L E D
IN THE CLERK'S OFFICE **12:45** TIME
BOTETOURT COUNTY CIRCUIT COURT

TESTE:  **AUG 1 0 2018**

TOMMY L. MOORE, CLERK

_____ D.C.

---

   [1] Although Plaintiffs mistakenly identify DePaul Community Resources as "DePaul Family Services," the proper legal entity is DePaul Community Resources.

WHEREFORE, for the foregoing reasons, defendant DePaul Community Resources objects to venue in the Circuit Court for the County of Botetourt, Virginia, and asks the Court to transfer this matter to the Circuit Court for the County of Floyd, Virginia.

Date: August 9, 2018                           Respectfully submitted,


                                               DEPAUL COMMUNITY RESOURCES


                                               By: _____
                                                            Of Counsel

Joshua R. Treece (VSB #79149)
WOODS ROGERS PLC
10 S. Jefferson Street, Suite 1400
P.O. Box 14125
Roanoke, Virginia 24011
Telephone: (540) 983-7600
Facsimile: (540) 983-7711
jtreece@woodsrogers.com

*Counsel for Defendant DePaul Community Resources*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of August, 2018, a true and accurate copy of the

foregoing was sent via U.S. Mail and email to the following:

Patrick Michael McGraw (VSB #68425)
patmcgrawlaw@gmail.com
McGRAW LAW, P.C.
The La Premiere Building
2727 Electric Road, Suite 207
Roanoke, VA 24018

*Counsel for Plaintiffs*

Katherine C. Londos
klondos@faplawfirm.com
FRITH, ANDERSON & PEAKE, PC
P.O. Box 1240
Roanoke, VA 24006

*Counsel for Floyd County Department of Social Services*

Stanley P. Wellman (VSB #27618)
swellman@hccw.com
Dannel C. Duddy (VSB # 72906)
dduddy@hccw.com
HARMAN, CLAYTOR, CORRIGAN & WELLMAN
P.O. Box 70280
Richmond, VA 23255

*Counsel for Court Appointed Special Advocates of the New River Valley*

VIRGINIA:

IN THE CIRCUIT COURT FOR BOTETOURT COUNTY

KATRINA ANNE GRAVELY and  )
LUTHER DEAN GRAVELY,       )
                           )
      Plaintiffs,          )
                           )
v.                         )          Case No. CL18-269
                           )
JANE AND JOHN DOE #1, et al.,  )
                           )
      Defendants.          )
                           )

## NOTICE OF FILING NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendants Floyd County Department of Social Services, Tracie Brewster, and David Hope (collectively "FCDSS Defendants"), by counsel, has filed a Notice of Removal of this action in the United States District Court for the Western District of Virginia, Roanoke Division, this 9th day of August, 2018. A copy of the Notice of Removal is attached hereto as **Exhibit A**.

Because the FCDSS Defendants have given notice of said removal to all adverse parties and filed this Notice of Filing Notice of Removal, the Clerk of Court "shall effect the removal and the State Court shall proceed no further unless and until the case is remanded" pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,

FLOYD COUNTY DEPARTMENT OF SOCIAL SERVICES, TRACIE BREWSTER, AND DAVID HOPE

FRITH
ANDERSON
+ PEACE
ATTORNEYS AT LAW
Roanoke Virginia

F I L E D
IN THE CLERK'S OFFICE   TIME  11:30am
BOTETOURT COUNTY CIRCUIT COURT

TESTE:  AUG 13 2018

- 1 -

629.0314\NHS
4832-9418-5072 .v1

TOMMY L. MOORE, CLERK

Catherine D. Wrath D.C.

By: _____

Katherine C. Londos (VSB #: 36848)
Nathan H. Schnetzler (VSB #: 86437)
Katherine M. DeCoster (VSB#: 82696)
FRITH ANDERSON + PEAKE, P.C.
29 Franklin Road, SW
P.O. Box 1240
Roanoke, Virginia 24006-1240
Phone: 540/772-4600
Fax:     540/772-9167
Email: klondos@faplawfirm.com
         nschnetzler@faplawfirm.com
         kdecoster@faplawfirm.com



FRITH
ANDERSON
+ PEAKE PC
ATTORNEYS AT LAW
Roanoke Virginia

- 2 -

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2018, I have mailed by U.S. Mail a copy of the

foregoing to all counsel of record:

Patrick Michael McGraw
McGraw Law, P.C.
The La Premiere Building
2727 Electric Road, Suite 207
Roanoke, VA 24018
*Counsel for Plaintiffs*

Stanley P. Wellman
Dannel C. Duddy
Harmon, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, VA 23255
*Counsel for Court Appointed Special Advocates of the New River Valley*

Joshua R. Treece
Woods Rogers PLC
10 S. Jefferson Street, Suite 1400
P.O. Box 14125
Roanoke, VA 24011
*Counsel for DePaul Community Resources*

Of Counsel



FRITH
ANDERSON
+PEAKE
ATTORNEYS AT LAW
Roanoke, Virginia

629.0314\NHS
4832-9418-5072 .v1

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | |
|---|---|
| KATRINA ANNE GRAVELY and | ) |
| LUTHER DEAN GRAVELY, | ) |
| | ) |
| Plaintiffs, | ) |
| | )          **Civil Action No.** |
| v. | ) |
| | ) |
| JANE AND JOHN DOE #1, et al., | ) |
| | ) |
| Defendants. | |

**NOTICE OF REMOVAL**

COME NOW defendants, Floyd County Department of Social Services, Tracie Brewster,[1] and David Hope (collectively "FCDSS Defendants"), by counsel, pursuant to 28 U.S.C. §§ 1441 and 1446 and file this, their Notice of Removal of this action from the Circuit Court for Botetourt County to the United States District Court for the Western District of Virginia, Roanoke Division. In support thereof, the FCDSS Defendants state as follows:

1. Plaintiffs Katrina Anne Gravely and Luther Dean Gravely ("Plaintiffs") commenced a civil action by filing a Complaint in the Circuit Court for Botetourt County on or about April 17, 2018. The Complaint contains a cause of action under 42 U.S.C. § 1983 for alleged violations of Plaintiffs constitutional rights and state-law tort claims.

2. FCDSS Defendants were served on July 20, 2018.

3. A copy of all pleadings the FCDSS Defendants are aware of that have been filed to date in the subject lawsuit are attached hereto. See **Exhibit A**.



FRITH
ANDERSON
+PEAKE
ATTORNEYS AT LAW
Roanoke, Virginia

---

[1] Incorrectly named "Tracy Brewster."

- 1 -

629.0314\NHS
4835-2723-1088 .v1

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to all counsel of record, and I have mailed by U.S. Mail a copy of the foregoing to all counsel of record:

Patrick Michael McGraw
McGraw Law, P.C.
The La Premiere Building
2727 Electric Road, Suite 207
Roanoke, VA 24018
*Counsel for Plaintiffs*

Stanley P. Wellman
Dannel C. Duddy
Harmon, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, VA 23255
*Counsel for Court Appointed Special Advocates of the New River Valley*

Joshua R. Treece
Woods Rogers PLC
10 S. Jefferson Street, Suite 1400
P.O. Box 14125
Roanoke, VA 24011
*Counsel for DePaul Community Resources*

/s/ Nathan H. Schnetzler
Of Counsel



FRITH
ANDERSON
– PEAKE –
ATTORNEYS AT LAW
Roanoke, Virginia

- 4 -

629.0314\NHS
4835-2723-1088 .v1