IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KATRINA ANNE GRAVELY and <br> LUTHER DEAN GRAVELY, <br><br> Plaintiffs, <br><br> v. <br><br> JANE DOE #1; JOHN DOE #1; JANE DOE #2; JOHN DOE #2; FLOYD COUNTY DEPARTMENT OF SOCIAL SERVICES; TRACY BREWSTER; DAVID HOPE; FIRST HOME CARE; DEPAUL FAMILY SERVICES; and COURT APPOINTED SPECIAL ADVOCATES OF THE NEW RIVER VALLEY (CASA OF THE NRV), <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 7:18-cv-00394 <br><br> By: Elizabeth K. Dillon <br> United States District Judge |

**MEMORANDUM OPINION**

There are a number of motions pending before the court. At this junction, though, the primary question for the court is whether to dismiss this case without prejudice, as requested by plaintiffs, or to address the substantive motions to dismiss with prejudice filed by various defendants. As discussed in more detail below, consideration of the proper factors leads the court to conclude that a dismissal without prejudice of this case is appropriate. Thus, the court will grant the plaintiffs' motions to voluntarily dismiss all defendants without prejudice and will deny all other motions in this case as moot.

I. BACKGROUND

This case stems from the emergency removal of a minor child from the custody of plaintiffs Katrina Anne Gravely and Luther Dean Gravely and the subsequent custody proceedings. Plaintiffs allege that, while in foster care, the child suffered injuries for which they

1

seek to hold defendants responsible. Plaintiffs filed a civil action in the Botetourt County Circuit Court containing five separate counts for (1) gross negligence; (2) defamation; (3) violation of plaintiffs' First and Fourteenth Amendment rights under the United States Constitution; (4) common law conspiracy; and (5) wrongful/tortious interference with parental/custodial rights. Plaintiffs named as defendants Floyd County Department of Social Services, Tracy Brewster, David Hope, First Home Care, DePaul Family Services, and Court Appointed Special Advocates of the New River Valley (CASA of the NRV) (collectively, the defendants). Plaintiffs also list John Does 1 and 2 and Jane Does 1 and 2 as additional defendants. Defendants removed the case to this court, invoking the court's federal-question jurisdiction over plaintiffs' claim brought pursuant to 42 U.S.C. § 1983 claim and supplemental jurisdiction over plaintiffs' state law claims.

After removal, many of the defendants filed motions to dismiss for a number of reasons. Notably, defendant DePaul moved to dismiss plaintiffs' complaint against it on the grounds that no claim is asserted against DePaul. (DePaul Mem. Supp. Mot. to Dismiss 1, Dkt. No. 11.) DePaul also sought dismissal of all of the claims for failing to meet the Rule 8 pleading requirements and to dismiss any claim under 42 U.S.C. § 1983 because DePaul is not a state actor and did not act under the color of state law. (*Id*. at 2.) Additionally, Defendants Floyd County Department of Social Services, Tracy Brewster, and David Hope (collectively the "FCDSS defendants") moved to dismiss the complaint under Rule 12(b)(6) for failure to state a claim. (FCDSS Defs.' Mem. Supp. Mot. to Dismiss 1, Dkt. No. 19.) The FCDSS defendants also moved to dismiss all claims against them on the grounds that the court lacks subject matter jurisdiction. (FCDSS Defs.' Mem. Supp. Second Mot. to Dismiss 1, Dkt. No. 21.) Defendants all seek dismissal with prejudice.

In response to defendants' various motions to dismiss, plaintiffs voluntarily moved to dismiss Count Three of their complaint pursuant to Federal Rule of Civil Procedure 41(a)(2). (Pls.' Mot. to Dismiss 1, Dkt. No. 22.) Count Three alleges violations of plaintiffs' constitutional rights and is brought pursuant to 42 U.S.C. § 1983. It is the only federal claim in the complaint. (*Id.*) Relatedly, plaintiffs asked the court to abstain from exercising supplemental jurisdiction over the remaining claims and to remand this case back to the Circuit Court for Botetourt County, Virginia. (*Id.* at 1–2.)

The FCDSS defendants, joined by DePaul, oppose plaintiffs' motion on the grounds that Rule 41 permits dismissal only of an entire action, not individual claims or counts. (Defs.' Opp'n. to Pls.' Mot. Dismiss 1–2, Dkt. No. 28.) Defendants urge the court to exercise supplemental jurisdiction over the remaining state law claims, arguing that the motion for voluntary dismissal and motion to remand are "clear examples of forum shopping." (*Id.* at 4–6.)

Plaintiffs also filed two separate motions to dismiss all of the defendants without prejudice. In the first, they moved to voluntarily dismiss this action against defendants John Does 1 and 2, Jane Does 1 and 2, DePaul, and CASA pursuant to Federal Rule of Civil Procedure 41(a)(1), on the grounds that none of those defendants had filed either an Answer or a Motion for Summary Judgment.[1] (Pls.' Voluntary Dismissal of Does 1–2, DePaul, and CASA 1, Dkt. No. 38.) In the second, plaintiffs asked to voluntarily dismiss this action against the remaining defendants (the FCDSS defendants and First Home Care) under Rule 41(a)(2), "said Defendants being the only remaining Defendants in this cause following Plaintiffs' voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)." (Pls.' Voluntary Dismissal of Floyd Cty. DSS, Brewster, Hope, and First Home Care 1, Dkt. No. 39.)

---

[1] Defendant CASA opposes this motion, arguing that plaintiffs are not entitled to voluntarily dismiss CASA under Rule 41(a)(1) because it filed a demurrer, which CASA contends was automatically converted to a motion for summary judgment upon removal. (CASA's Opp'n to Pls.' Mot. to Dismiss 1, Dkt. No. 42.)

Defendants oppose any dismissal without prejudice. Their reasons are discussed in context *infra* at Section II. Defendants request instead that this court consider the merits of their pending motions to dismiss.

## II.  DISCUSSION

The first question before the court is whether to grant plaintiffs' motions to voluntarily dismiss all defendants without prejudice. While the plaintiffs filed two motions to dismiss, under both Rule 41(a)(1) and 41(a)(2), combined they seek dismissal of all defendants. Thus, the court construes the motions as seeking to dismiss the entire action under Rule 41(a)(2).

Rule 41(a)(2) of the Federal Rules of Civil Procedure states that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." *Id.* The Fourth Circuit has clarified that "[i]t is implicit in this language that the district court may dismiss the plaintiff's action either without prejudice or, by so specifying, with prejudice." *Choice Hotels Int'l., Inc. v. Goodwin & Boone*, 11 F.3d 469, 471 (4th Cir. 1993) (citing *Andes v. Versant Corp.*, 788 F.2d 1033, 1037 (4th Cir. 1986)). However, "[a]s a general rule, a plaintiff's motion for voluntary dismissal without prejudice under Rule 41(a)(2) should not be denied absent plain legal prejudice to the defendant." *Gross v. Spies*, 133 F.3d 914, at *6 (4th Cir. 1998) (citations omitted) (unpublished table disposition). The factors the court must consider in ruling on a motion under Rule 41(a)(2) are:

> (1) the opposing party's effort and expense in preparing for trial;
> (2) excessive delay or lack of diligence on the part of the movant;
> (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, *i.e.*, whether a dispositive motion is pending.

*Hobbs v. Kroger Co.*, No. 98-1831, 1999 WL 156045, at *1 (4th Cir. Mar. 23, 1999); *see also*

*Howard v. Inova Health Care Servs.*, 302 F. App'x 166, 178–79 (4th Cir. 2008) (setting forth same factors).

Because plaintiffs originally filed this case in Virginia state court, plaintiffs argue that few federal resources have been devoted to this suit following its removal as this case is in its early stages before this court. (Pls.' Voluntary Dismissal 1.) Additionally, plaintiffs contend that they have not previously sought voluntary dismissal of this case in its entirety against the defendants in either state or federal court. (*Id*. at 2.) Furthermore, plaintiffs assert that the interests of justice require that this case be dismissed pursuant to the plaintiffs' motions and that no party will be prejudiced by granting this motion. (*Id*.)

The FCDSS defendants, joined by defendants First Home Care and CASA, oppose the motion to dismiss on the grounds that plaintiffs have sought to voluntarily dismiss this case in lieu of substantively responding to FCDSS's motion to dismiss for failure to state a claim. (Defs.' Opp'n to Pls.' Mot. for Voluntary Dismissal 3, Dkt. No. 40.) The FCDSS defendants argue that the plaintiffs' only reason for this motion is to avoid this court's jurisdiction and that the FCDSS defendants will suffer legal prejudice if this case is dismissed without prejudice. (*Id*.) FCDSS has incurred expenses in removing the case, briefing its motion, and responding to plaintiffs' motions. (*Id*.) The FCDSS defendants emphasize that the plaintiffs' motion does not provide any reason for voluntary dismissal, except to avoid this court's jurisdiction. (*Id*.) The FCDSS defendants request that the court grant their motion to dismiss for failure to state a claim, dismissing the claims against FCDSS with prejudice. (*Id*. at 3–4.) First Home Care adds that voluntary dismissal would not resolve the issue of whether plaintiffs have standing to pursue their claims and would prejudice defendants who have pending motions to dismiss. (First Home Care's Resp. to Pls.' Rule 41 Mot. 1, Dkt. No. 41.)

In arguing that this case should be dismissed with prejudice, the FCDSS defendants rely heavily on the recent decision in *Walker v. Trans Union, LLC*, for the argument that a party will suffer "legal prejudice" if dismissal without prejudice is allowed without first resolving a "pending [m]otion, which (if meritorious) could result in a dismissal with prejudice." No. PWG-16-3926, 2017 WL 4786625, at *3 (D. Md. Oct. 24, 2017). (*See* Defs.' Resp. 2.). Defendants argue that the case at hand is similar to *Walker* because in both cases the plaintiff sought to voluntarily dismiss all claims without prejudice after the defendant filed a motion to dismiss. (Defs.' Resp. at 3 (citing *Walker*, 2017 WL 4786625, at *1).) In *Walker*, the court stated that the plaintiff failed to respond to the motion to dismiss "other than independently seeking dismissal of his claims," which "show[ed] either a lack of diligence or a tacit awareness of the lack of merits of [the] claims." *Walker*, 2017 WL 4786625, at *2. There, the court considered the defendant's motion to dismiss before allowing the plaintiff to take a voluntary dismissal, noting that the defendant "undoubtedly . . . incurred expenses briefing its motions and responding to [the plaintiff's] motion," and that the plaintiff failed to give "a sufficient explanation of why the case should be dismissed." *Id*.

Defendants fail to acknowledge key underlying factual distinctions that the *Walker* court relied on in making its decision. Specifically, the *Walker* plaintiff initially filed his case in both state and federal courts and had been given several opportunities to amend his complaint to address pleading deficiencies. *Id*. at *1–2. The plaintiff also asked the court to dismiss the case "without prejudice so that [he] may have the opportunity to further prepare for the next time [he] file[s] against [the defendant] if necessary." *See id.* at *2 ("Filing a second lawsuit against Trans Union on the same facts would be tantamount to amending his pleadings for a third time in this Court (and a fifth time overall)."). As the *Walker* court stated, "[s]erial failures to amend a

complaint to address specifically identified pleading deficiencies, coupled with a failure to respond to the merits of a motion to dismiss[,] should not be rewarded with a dismissal without prejudice, enabling yet another lawsuit at some future time." *Id*. Here, unlike in *Walker*, this is the first time that plaintiffs have sought dismissal of any claim or defendant. Plaintiffs have neither sought nor received leave to amend. Also, unlike in *Walker*, plaintiffs here did not attempt to proceed in both state and federal court. Indeed, it was defendants who removed the case to this court. Significantly, moreover, plaintiffs appear willing to forego their federal claim in order to remain in state court.

The Fourth Circuit has established that "'for purposes of Rule 41(a)(2), prejudice to the defendant does not result from the prospect of a second lawsuit' or 'the possibility that the plaintiff will gain a tactical advantage of the defendant in future litigation.'" *Howard*, 302 F. App'x at 179 (quoting *Davis v. USX Corp.*, 819 F.2d 1270, 1274–75 (4th Cir. 1987)). While it is true that defendants here have expended some resources in filing and responding to motions, defendants simply have not established legal prejudice sufficient to warrant dismissal with prejudice.

III. CONCLUSION

For the reasons set forth above, the court will grant plaintiffs' motions to voluntarily dismiss all defendants in this case without prejudice. As such, the court will deny all other motions as moot. These rulings will be set forth in a separate order.

Entered: March 5, 2019.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge